19521

The STATE, Appellant, v. Robert Lee SMITH, Respondent.
(192 S. E. (2d) 870)

*Messrs. Robert B. Wallace, Sol.,* and *A. Arthur Rosen-blum, Asst. Sol.,* of Charleston, *for Appellant,*

*Messrs. Fred Henderson Moore* and *George A. Payton,* of Charleston, *for Respondent,*

November 20, 1972.

LEWIS, Justice:

The lower court issued a pretrial order suppressing an alleged oral confession of respondent, upon the purely legal ground that the officers failed, at the time the statement was made by respondent, to repeat Miranda warnings (*Miranda v. Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694, 10 A. L. R. (3d) 974) which had been given about thirty minutes before. The State has appealed from this ruling.

Respondent, a negro male, approximately thirteen (13) years of age, was indicted in the Court of General Sessions for Charleston County for murder. Upon the pretrial motion of respondent, an oral confession given by him to the officers was suppressed by the trial judge. The statement was made immediately after respondent had completed a polygraph (lie detector) test. The test consumed about thirty (30) minutes. When it was completed, respondent was immediately notified by the examining officer that the results indicated he had not told the truth; whereupon he made the statement in question.

Miranda warnings were given prior to the polygraph test but were not given again before the confession was made by respondent. The warnings given prior to the test included the admonition that any statement made by respondent after the completion of the test could be used against him in a court of law. The trial judge made factual findings that the Miranda warnings were correctly and properly given to respondent prior to the polygraph test; that respondent intelligently waived his rights and consented to the examination; and that respondent's mother consented to the test and to his waiver of counsel. These findings are not questioned in this appeal.

The trial judge suppressed the oral confession on the ground that the failure of the officers to repeat the Miranda warnings immediately prior to the confession rendered it

inadmissible in evidence, as a matter of law. In other words, the trial judge ruled that, although respondent had been properly given the Miranda warnings about thirty (30) minutes before and had effectively waived his constitutional rights, the officers were required, as a matter of law, to re-advise him of his rights before the statement was made. The State contends, on the other hand, that the Miranda rule contains no such mandate, and that the trial judge should have determined the voluntariness of the confession in the light of all of the facts and circumstances.

The question for decision then is whether the confession of respondent was inadmissible, as a matter of law, because the Miranda warnings were not repeated immediately before the confession was made.

Respondent was given the Miranda warnings about thirty minutes prior to the confession. Since the Miranda rule had been complied with, it was not necessary, as a matter of law, to repeat the warnings at each subsequent phase of the interrogation. Rather, the question of whether Miranda warnings, having been once given, should be repeated at later stages of the interrogation must be determined upon the basis of the facts and circumstances surrounding each case. *State v. Magee,* 52 N. J. 352, 245 A. (2d) 339; *Commonwealth v. Ferguson,* 444 Pa. 478, 282 A. (2d) 378; *Miller v. United States, Eighth Circuit,* 396 F. (2d) 492; *United States v. Osterburg,* Ninth Circuit, 423 F. (2d) 704.

The above cases soundly hold that a confession is not necessarily invalid because the Miranda warnings are not repeated at each stage of the interrogation process, but look to the circumstances of each case to determine whether the defendant, having been once warned, voluntarily and intelligently waived his rights.

The trial judge was in error in ruling the confession of respondent inadmissible, as a matter of law, simply because the Miranda warnings were not repeated.

The admissibility of the confession was one of fact and should have been determined in the light of all of the attendant circumstances.

Judgment is accordingly reversed and the cause remanded for trial.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.