## 52549. ROGERS v. THE STATE.

MARSHALL, Judge.

Appellant was convicted of criminal use of an article with an altered identification mark (Ga. L. 1974, p. 434 (Code Ann. § 26-1506)), and sentenced to confinement for five years (30 days in a correctional institute, and the remainder on probation) and a fine of $450. He appeals on the ground that the evidence is insufficient to support the verdict.

The evidence at trial showed that the Gwinnett County Police Department, while executing a search warrant of appellant's house, found a .32 caliber pistol in a shoulder holster hanging on the wall in a bedroom closet. The butt end of the pistol had deep gouge marks which obliterated the serial number. A chemist testified for the state that he was subsequently able to "raise" the serial number through the gouge marks by a laboratory technique. Appellant testified that the pistol was not his and that he did not know the serial number was obliterated. He testified that he obtained the pistol from a friend who had given it to appellant as collateral for a $10 loan. The friend's testimony verified this statement as did that of their wives who were present when the pistol was transferred. Appellant had kept the pistol for 6 months prior to its seizure and admitted loading the pistol on one occasion. He also admitted that he may have looked at the butt end of the pistol at the time. The district attorney asked: "Did you see the scratch marks on the butt of the gun? . . . Well, ah I could tell that ah something had, I mean, the way the handle was broke, it could have been used for a hammer I mean, that is what I thought at the time, anyway . . . All right, you didn't notice that there was a bunch of scratch marks on it then? . . . Yes, sir, but I didn't know the serial number, I didn't know the serial number wasn't on it." *Held:*

1. This appeal represents the first reported case under Code Ann. § 26-1506, which provides: "(a) *A person commits criminal use of an article with an altered identification mark when he* buys, sells, receives, disposes of, conceals, or *has in his possession a* radio, piano, phonograph, sewing machine, washing machine,

typewriter, adding machine, comptometer, bicycle, *firearm,* safe, vacuum cleaner, dictaphone, watch, watch movement, watch case, or any other mechanical or electrical device, appliance, contrivance, material, piece of apparatus or equipment, other than a motor vehicle as defined in the 'Uniform Act Regulating Traffic on Highways' [Chapters 68-15 through 68-17], *from which he knows the* manufacturer's name plate, *serial number,* or any other distinguishing number or identification mark *has been removed for the purpose of concealing or destroying the identity of such article."* (Emphasized portions pertain to present case.)

Appellant's sole contention on appeal is that the state failed to prove an essential element of the crime, to wit: that the appellant *knew* the serial number had been removed for the purpose of concealing the identity of the article.

The statute requires proof that appellant not only have possession of an article the serial number of which had been removed, but also that he *knows* the serial number had been removed for the purpose of concealing the identity of such article. Appellant contends that actual knowledge is required; the state contends that knowledge may be inferred from the circumstances and that the circumstances are sufficient to warrant conviction in this case.

We believe the case is controlled by the well-established principle that knowledge or scienter may be proved, like any other fact, by circumstantial evidence. *Haire v. State,* 133 Ga. App. 12 (209 SE2d 681); *Cobb v. State,* 125 Ga. App. 556 (188 SE2d 260). Even though knowledge is denied by the defendant, the jury would be authorized to return a verdict of guilty based on the circumstances of the case. See, e.g., *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872); *Golson v. State,* 130 Ga. App. 577 (203 SE2d 917); *Birdsong v. State,* 120 Ga. 850 (48 SE 329); *Reese v. State,* 113 Ga. App. 525 (149 SE2d 156).

2. Counsel for appellant argues that proof of mens rea or general criminal intent, as in the above-cited cases, does not prove actual knowledge, which appellant contends must be proved because of the statutory

language. He points out that those cases involving possession of illegal drugs cited above, where the defendant denies knowing of the presence of the drugs, are distinguishable from the present case because the drug statute does not contain the specific requirement that the defendant "knows" of the presence of the contraband. While there may be a distinction between mens rea and scienter, there is no difference insofar as the proof is concerned—both may be proved by circumstantial evidence. In this case the state produced circumstantial evidence that defendant had the requisite knowledge and had general criminal intent.

3. Counsel further contends that if the General Assembly had not intended that there be a requirement of actual knowledge, it would have phrased the statute to permit proof of constructive knowledge such as under Ga. L. 1968, pp. 1249, 1292; 1969, pp. 857, 859 (Code Ann. § 26-1806) (theft by receiving stolen property). There the words "knows or should know" are used. We are not persuaded by this example. There are other portions of the Criminal Code where the word "knows" is used and the courts have not required direct proof of knowledge. See, e.g., Ga. L. 1968, pp. 1249, 1299 (Code Ann. § 26-2006) (incest) and *Cobb v. State,* 125 Ga. App. 556, supra; Ga. L. 1968, pp. 1249, 1300 (Code Ann. § 26-2007) (bigamy) and *Robinson v. State,* 6 Ga. App. 696 (65 SE 792). What counsel fails to grasp is that whether it is actual knowledge or constructive knowledge, either may be proved by circumstantial evidence. See *Waterman v. State,* 114 Ga. 262 (40 SE 262). To uphold counsel's contention would require the state to introduce a confession or admission by a defendant in order to prove its case, for it is only through this evidence that actual knowledge may be proved. (Even then, absolute knowledge may not be shown, if ever. See Perkins on Criminal Law (Foundation Press, 1957), p. 681 et seq.) We hold that the knowledge required under this Code section may be established by circumstantial evidence.

4. Appellant also contends that even if circumstantial evidence is used to show knowledge, there is a reasonable hypothesis proffered by appellant's evidence (viz., that the gouge marks were caused by using

the pistol as a hammer and appellant did not know that the gouges obliterated the serial number) that makes the conviction unwarranted under the circumstantial evidence rule. Code § 38-109. "In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. It was the duty of the trial judge, as the trior of fact, to determine if there was sufficient evidence, direct or circumstantial, to require a judgment of guilty." *Goode v. State,* 130 Ga. App. 791, 792 (204 SE2d 526). "[W]hether every reasonable hypothesis except that of the guilt of the defendants had been excluded, was a question for the jury where the jury was properly instructed on circumstantial evidence. [Cits.]" *Gee v. State,* 130 Ga. App. 634, 635 (204 SE2d 329). See also *Bostick v. State,* 129 Ga. App. 892 (201 SE2d 828); *Townsend v. State,* 127 Ga. App. 797, 799 (195 SE2d 474); *Johnson v. State,* 126 Ga. App. 93, 95 (189 SE2d 900). Here the jury was in a position to judge the credibility of the witnesses and to observe the pistol first hand. The jury was instructed on the circumstantial evidence rule and apparently rejected appellant's hypothesis as unreasonable. We do not disturb its conclusion.

5. We further conclude that the circumstances here were sufficient to withstand appellant's motion for directed verdict of acquittal and to have the issue of knowledge submitted to the jury. The butt of the pistol faced out as it was found hanging on the wall; appellant had loaded the pistol and seen the gouge marks; the serial number appears at no other place on that pistol; and appellant had owned pistols before. It follows that if, from these facts, the jury could conclude that the appellant knew the serial number had been obliterated, it could conclude that it was done for the purpose of concealing the identity of the pistol.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

Submitted September 7, 1976 — Decided September 28, 1976.

*Charles S. Hunter,* for appellant.
*Bryant Huff, District Attorney, Richard W. Winegarden, Dawson Jackson, Robert A. Barnaby, II, Assistant District Attorneys,* for appellee.