## 57105. LEWIS v. THE STATE.

SMITH, Judge.

The appellant was convicted of driving under the influence of intoxicants and appeals from the judgment and the overruling of his motion for new trial. Appellant contends that the state's circumstantial evidence was not sufficient to support a conviction, that the state failed to prove that he was "less safe" to drive in his condition, and that there was a material variance between the allegation charged in the indictment and the proof presented at trial. Finding no error, we affirm.

Evidence at trial showed that the appellant was found by a nearby resident, Melvin Owenby, in a ditch on Weber Road. Mr. Owenby testified that appellant was sitting in his car "sleeping or something" and that the ignition and lights were on. Mr. Owenby asked appellant if he was all right and then turned off the ignition and lights and went home. Deputy Sheriff Langford and a trusty from the jail, Donnie Silvers, responded to a call about a traffic accident on Weber Road and arrived on the scene. According to their testimony, they found the appellant slumped over the steering wheel of his car. The car was still in the ditch but the ignition switch was on and the car was in gear. The deputy testified that the appellant appeared to be asleep or passed out. Both the deputy and the trusty smelled beer and noticed numerous cans of beer in the car. The deputy testified that appellant's speech was slurred, that there was a strong odor of beer on his breath, and that appellant was very unsteady on his feet.

The only evidence offered by the appellant was the testimony of Mr. Clifford Sneed. Mr. Sneed testified that he had been driving the car and had driven into the ditch to avoid hitting a cow on the road. He testified that he then left the appellant sitting in the car while he went to get help.

1. It is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence. *Stephens v. State,* 127 Ga. App. 416 (192 SE2d 870) (1972). It is not necessary that the circumstantial evidence exclude *every* reasonable inference or hypothesis

except guilt of an accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. The jury itself decides whether every reasonable hypothesis except that of guilt of the defendant has been excluded. *Rogers v. State,* 139 Ga. App. 656, 659 (229 SE2d 132) (1976). The jury was in the best position to judge the credibility of the witnesses. " 'Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find the evidence, though circumstantial was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law.' *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643)." *Gee v. State,* 146 Ga. App. 528 (246 SE2d 720) (1978). The evidence is sufficient to support a conviction.

2. Appellant's contention that the state failed to prove that he was "less safe" to drive in his condition must fail for the same reasons. The deputy sheriff testified that the appellant was asleep or passed out when they found him, staggered when he walked, and had trouble speaking. This is sufficient circumstantial evidence for the jury to conclude that the appellant was less safe to drive in his condition.

3. The indictment charged the appellant with driving under the influence of intoxicants over the public road and highway known as Weber Road. The state did not include a showing that Weber Road was a public highway and appellant contends that this is a fatal variance from what was alleged in the indictment. Under the test adopted in *DePalma v. State,* 225 Ga. 465 (169 SE2d 801) (1969), a variance is not fatal unless it fails to definitely inform the defendant of the charges against him or leaves the defendant open to a subsequent prosecution for that offense. We do not believe that the variance in this case misled the appellant as to the charge against him or subjected him to another prosecution for the same offense.

In fact, driving "on a public road and highway" is not an essential element of the offense of driving under the influence (Code Ann. § 68A-902 (1974)) and should

therefore be treated as surplusage. *Walker v. State,* 146 Ga. App. 237 (246 SE2d 206) (1978). "Where the variation is technical or trivial, or where the allegations and the proof substantially correspond, so that it cannot be said that the defendant was misled or prejudiced, the variance will not be fatal." *Abercrombie v. State,* 145 Ga. App. 204 (243 SE2d 567) (1978).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Submitted January 16, 1979 — Decided February 9, 1979 — Rehearing denied March 1, 1979 — Cert applied for.

*James M. Barnes,* for appellant.
*Charles A. Pannell, Jr., District Attorney, James E. Bethel, Assistant District Attorney,* for appellee.