## 63914. PORTER et al. v. THE STATE.

McMURRAY, Presiding Judge.

Defendants Porter and Mitchell, along with another, were indicted for the offense of burglary of a parking garage. These two defendants were tried together, found guilty and sentenced to serve a term of 10 years, respectively. Their joint motion for new trial was filed, heard and denied. Defendants appeal. *Held:*

1. The first enumeration of error is concerned with an alleged error in admitting the testimony of a state crime laboratory expert in which it is contended that no chain of custody was shown with reference to certain paint samples removed from a stolen safe and an automobile trunk. The defendants contend that these samples were delivered to the laboratory for comparison purposes and remained in the microanalysis work area for approximately four days until analyzed and four other microanalysts were employed in the same work area, thus being accessible to other employees so as to be subject to tampering, dilution, contamination, intermingling or switching during the time they were on the workbench. However, there was no positive showing that these samples were tampered with, diluted,

contaminated, intermingled, switched or otherwise interfered with during the time they were on the microanalyst's workbench. In the absence of such a showing the mere possibility of interference, accompanied only by suspicion is not sufficient to declare that the chain of custody was inadequate. *Dent v. State,* 243 Ga. 854, 855 (3) (257 SE2d 241); *Speight v. State,* 159 Ga. App. 5, 8-9 (4) (282 SE2d 651); *Thompson v. State,* 154 Ga. App. 704, 705 (1) (269 SE2d 474). It thus appears that a proper chain of custody was shown, even if the defendants were correct in the assertion that the trial court erred in declaring the paint samples were unique and not subject to a chain of custody under *Brownlee v. State,* 155 Ga. App. 875, 878 (6) (273 SE2d 636) (a bent coat hanger), and *Wood v. State,* 159 Ga. App. 221, 222 (2) (283 SE2d 79) (a spent bullet). It is noted here that in the defendants' brief they fail to point out where in the record such a ruling was made on the part of the trial court. A chain of custody was shown as demonstrated above, and this court will not reverse the trial court even if a wrong reason was assigned for the allowance of the testimony and paint samples in evidence. There is no merit in this complaint.

2. Within a maximum of six hours after the parking garage closed for the business day, the safe, which was a stolen article, was found in the possession of the defendants. Recent possession when coupled with other circumstantial evidence connecting the parties to the criminal act is sufficient to convict. See *Teague v. State,* 160 Ga. App. 774, 775 (1) (287 SE2d 111). A crowbar and a long chisel-type instrument were found in possession of the defendants and other material from the burglary was in close proximity to the stolen safe. There was evidence of both flight and concealment and the expert opinion testimony was such that would disclose the safe had been carried in the automobile of one of the defendants. The jury was authorized not to accept an alternate hypothesis offered by the defendants. See *Lewis v. State,* 149 Ga. App. 181, 182 (1) (254 SE2d 142); *O'Bear v. State,* 156 Ga. App. 100, 101 (1) (274 SE2d 54); *Brewer v. State,* 156 Ga. App. 468 (274 SE2d 817); *Bogan v. State,* 158 Ga. App. 1 (279 SE2d 229). We have examined the evidence in the record of this case and same was more than sufficient for a rational trier of fact to have reasonably found the defendants guilty beyond a reasonable doubt. See *Stinson v. State,* 244 Ga. 219, 222 (4) (259 SE2d 471); *Smith v. State,* 154 Ga. App. 497, 500 (2) (268 SE2d 714); *Green v. State,* 154 Ga. App. 245, 246 (1) (267 SE2d 855).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JUNE 21, 1982.

*Dwight L. Thomas,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, John Turner, Assistant District Attorneys,* for appellee.