64536. JAMES v. THE STATE.

BANKE, Judge.

In this appeal from his conviction for the burglary of a convenience food store, the appellant contends that the evidence was insufficient to support the jury's verdict.

The burglary took place shortly after midnight on April 1, 1981. A security guard drove to the store as the burglary was in progress in response to a radio message to the effect that an alarm had sounded there. It was raining heavily at the time. The guard observed a station wagon parked in front of the store with both its front doors open and also noticed that the front window of the store was broken. A few minutes later, he observed a person jump through the window and into the passenger's side of the vehicle, after which the vehicle immediately took off. The guard gave chase and, by radio, communicated a description of the station wagon to his dispatcher so that the latter could relay it to the sheriff's office. After following the vehicle for several miles, the guard was outdistanced and returned to the store.

A few minutes after the guard gave up the chase, an officer from the sheriff's department spotted the station wagon and recognized its description from a radio report which had just been transmitted to him. Although he could not see the occupants well enough to make an identification, he did observe that there were two of them. He gave chase, losing the vehicle several times due to the heavy rain but each

time picking it up again. Finally, while checking side roads, he saw the fleeing vehicle turn into the driveway of a house. When a backup unit arrived a few moments later, the officer drove into the yard where the car was parked, saw a man duck next to the car as the headlights hit him, and got out and apprehended the man. This person, identified as co-defendant Daniel Hopper, explained that he had just left the house to move a spare tire and to urinate. The officers were unable to find a spare tire in the area, and Hopper did not offer to show them where it was located. They did, however, discover articles in the station wagon which were shown to have been taken from the convenience store. Hopper subsequently went into the house and brought out the appellant, who was clad only in blue jeans. Both his jeans and his head were wet. The appellant admitted that the station wagon belonged to him and, when asked if anyone had been using it, replied ". . . ain't nobody used it to my knowledge." He stated that he had been asleep inside the house and did not know how the merchandise had gotten in his car.

Seven other adults lived in the same house with the appellant, and there was testimony that there were three sets of keys to his car. Based on this testimony, the appellant contends that the evidence does not exclude the hypothesis that someone else took the car and committed the crime. *Held:*

"In order to sustain a judgment of conviction based on circumstantial evidence, the evidence need not exclude every inference or hypothesis except guilt of an accused but only reasonable inferences and [hypotheses], so as to justify the inference beyond a reasonable doubt. *Rogers v. State,* 139 Ga. App. 656, 659 (229 SE2d 132). Questions as to reasonableness of the evidence are to be decided by the jury, and where the jury finds the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except that of guilt, an appellate court will not disturb such finding unless unsupported as a matter of law." *Orr v. State,* 145 Ga. App. 459, 464 (244 SE2d 247) (1978).

The appellant's statement to the police officers that he had been sleeping prior to their arrival was inconsistent with his wet appearance. In light of this inconsistency, we hold that a rational trier of fact could have concluded beyond a reasonable doubt that the evidence excluded every other reasonable hypothesis save that of the appellant's guilt.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 15, 1982.

*Carl J. Wilson, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys,* for appellee.