65760. FULLER v. THE STATE.

SHULMAN, Chief Judge.

Appellant was found guilty of driving under the influence of alcohol. OCGA § 40-6-391 (a) (Code Ann. § 68A-902). In his appeal,

he questions the sufficiency of the evidence and the trial court's refusal to give a requested instruction.

1. "A person shall not drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol . . ." OCGA § 40-6-391(a) (Code Ann. § 68A-902). Appellant does not question the facts that he was legally intoxicated and in actual physical control of an automobile. He asserts, however, that there was no evidence that the car, suspended on a utility pole guy wire, was a *moving* vehicle.

Appellant testified that he had parked his vehicle in the middle of a nearly empty parking lot prior to entering an Athens bar. When he left the bar some 90 minutes later, he found his car "hung up on" the guy wire. He surmised that the automobile had rolled from where he had left it to where he found it, possibily due to the ice he vaguely recalled seeing in the lot. He got in the car, turned on the lights and ignition, and attempted unsuccessfully to move the vehicle off the wire. It was at this point that a police officer arrived on the scene in response to a dispatcher report of a possible traffic accident. The officer testified that, while he did not see appellant move the car, he found appellant behind the wheel of the car with its motor and lights on, the wheels spinning, and the car facing in a direction consistent with exiting the parking lot. The state also introduced a National Weather Service report which tended to impeach appellant's recollection of the presence of ice in the parking lot.

"It is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence." *Lewis v. State,* 149 Ga. App. 181 (1) (254 SE2d 142). " 'In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt.' " *Rogers v. State,* 139 Ga. App. 656 (4) (229 SE2d 132). While no one saw the auto move while operated by appellant in an intoxicated state, there was circumstantial evidence that he had moved the car from its parking place to its position on the guy wire. "The jury was authorized not to accept an alternate hypothesis offered by [appellant]." *Porter v. State,* 162 Ga. App. 661 (2) (292 SE2d 529). There was sufficient evidence presented from which a rational trier of fact could find appellant guilty beyond a reasonable doubt of driving under the influence of alcohol. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant also takes issue with the trial court's refusal to give the jury appellant's requested charge on circumstantial evidence which embodied OCGA § 24-4-6 (Code Ann. § 38-109). However,

" '[a]n instruction on circumstantial evidence is required only when the case is totally dependent upon circumstantial evidence.' " *Arnett v. State,* 245 Ga. 470, 474 (265 SE2d 771). Inasmuch as the case against appellant was not entirely based on circumstantial evidence (i.e., a breathalyzer reading of .13; appellant's observed actual physical control of the car), the requested charge was not warranted and it was not error to refuse to give it.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 25, 1983.

*Stephen H. McElwee,* for appellant.
*Ken Stula, Solicitor, Kent Lawrence, Assistant Solicitor,* for appellee.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*