## 67561. CARR v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction of driving under the influence of alcohol.

One of the state's witnesses testified that he saw the defendant seated behind the wheel of his car, which appeared to be hung up on a curb between the street and a parking lot, and that he heard the vehicle "grinding its gears and spinning its wheels" and saw it "moving backwards and forwards" in an apparent attempt to get off the curb. An intoximeter test revealed the defendant's blood-alcohol content to be .17 percent. *Held:*

1. A rational trier of fact could have concluded beyond a reasonable doubt from the evidence presented at trial that the defendant was in actual physical control of a moving vehicle while under the influence of alcohol. Accord *Fuller v. State,* 166 Ga. App. 734 (305 SE2d 463) (1983). The evidence was accordingly sufficient to support the conviction. See generally Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980). We find no fatal variance between the evidence and the accusation, which charged the appellant with being "in actual physical control of a motor vehicle while traveling on a public street . . .," as the evidence was also sufficient to support a finding that the vehicle was in motion or had been in motion on a public street.

2. The trial court erred, however, in charging the jury that the defendant could be convicted for merely being in physical control of the vehicle, without regard to whether it was moving. See generally OCGA § 40-6-391 (a) (Code Ann. § 68A-902). While the court correctly instructed the jury on several occasions that the defendant was charged with driving or being in actual physical control of a "moving vehicle" while under the influence of intoxicants, he also instructed the jury that being in actual physical control of a vehicle might be accomplished merely "by sitting therein on a public highway or elsewhere, and while in control and under the steering wheel, starting the motor, under which circumstances being in the actual physical control of the vehicle is a separate offense from the actual driving of the vehicle." The jury demonstrated its confusion over the issue by requesting additional instruction on the "legal definition of driving, moving, travelling," and the court recharged them that the term "movement" did not necessarily refer to movement of the vehicle itself but could also refer to "acts which engage the machinery of the vehicle, that alone or in sequence will set in motion the motive power of the vehicle."

These charges were not a correct statement of current law but were evidently derived from judicial interpretations of former Code Ann. § 68-1625 (Ga. L. 1953, Nov. Sess., pp. 565, 575), under which it was unlawful for any person under the influence of alcohol to operate any vehicle, without regard to whether it was moving. See e.g., *Flournoy v. State,* 106 Ga. App. 756 (128 SE2d 528) (1962). That statute was superseded by Ga. L. 1974, pp. 633, 693, which serves as the basis for the present code section. The former proscription against merely operating a vehicle while under the influence of intoxicating liquor has been replaced by a proscription against driving or being "in actual physical control of any moving vehicle" while under the influence of alcohol or drugs. OCGA § 40-6-391 (a) (Code Ann. § 68A-902). The error in the charge clearly cannot be considered harmless under the circumstances of this case.

*Judgment reversed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 1, 1984.

*Howard Tate Scott,* for appellant.
*Ken Stula, Solicitor,* for appellee.