68879. GARDNER v. THE STATE.
(324 SE2d 535)

BENHAM, Judge.

Appellant and his brother were tried jointly for armed robbery and were convicted.

1. Appellant's first three enumerations of error concern alleged Brady violations (Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)). Specifically, appellant asserts that the State wrongfully withheld information that eyewitnesses had failed to identify appellant in a photographic lineup which contained appellant's photograph. We find no such violation.

This is not a case in which material exculpatory of appellant was suppressed until after the trial. Instead, appellant's counsel was aware that witnesses had failed to identify appellant and the prosecuting attorney stated as much in his place at the beginning of the trial. Appellant's trial counsel conducted extensive cross-examination on this issue, attempting to establish that a witness who identified appellant had chosen the wrong photograph. That effort was unsuccessful, however, since the witness testified that she selected three photographs from the group as being similar to the person she saw at the robbery scene, but decided that they were not photographs of the person she saw. The witness who had picked the wrong photograph identified appellant's brother, not appellant. We find no error in the trial court's actions concerning which these enumerations of error have been filed. Appellant has not borne his burden of showing that he was denied material exculpatory information such that he was denied a fair trial. *Kilgore v. State*, 251 Ga. 291 (5) (305 SE2d 82) (1983). See also *Burney v. State*, 252 Ga. 25 (3) (310 SE2d 899) (1984); *Castell v. State*, 250 Ga. 776 (2b) (301 SE2d 234) (1983).

2. The trial court's denial of appellant's motion to suppress evidence seized from his automobile is enumerated as error. The trial court found that the car was abandoned. Unless they are clearly erroneous, a trial court's findings on a motion to suppress will not be disturbed. *Strickland v. State*, 153 Ga. App. 51 (1) (264 SE2d 540) (1980). The evidence received by the trial court while hearing the motion to suppress showed that three police officers who were looking for appellant's brother saw a car matching the description of a car which, according to a tip, had been used in the robbery. When they followed the car, it sped away, eluding them. With assistance from other officers, they found the car stopped in the street, blocking traffic, the windows open and the doors unlocked. Under those circumstances, a finding that appellant did not retain a legitimate expectation of privacy in the automobile was authorized. *Williams v. State*, 171 Ga. App. 546 (2) (320 SE2d 389) (1984). That being so, appellant was not entitled to suppression of the evidence subsequently seized from his car. Id.

3. A witness at appellant's trial testified that he sat in on an interrogation of appellant when appellant was arrested for another armed robbery, and that after that interrogation appellant was questioned about the robbery involved here. The record shows that appel-

lant was already a suspect in this robbery at the time of his arrest for the other robbery. The denial of appellant's motion in limine seeking to have excluded any mention of appellant's arrest for the other robbery is enumerated as error.

The circumstances of appellant's arrest were admissible and the fact that his character is thereby put in issue does not render the evidence inadmissible. Under the facts of this case, as set out above, there was no error in admitting evidence which revealed the circumstances of appellant's arrest. *May v. State*, 159 Ga. App. 565 (1) (284 SE2d 70) (1981).

4. Appellant complains on appeal that he was not provided with a transcript which included the complete voir dire and the argument of counsel. He was provided with a transcript which included those portions of the voir dire in which objections were made or rulings were made by the trial court. Those excerpts contained the questions and answers to which objections were made. The provision of those portions of the voir dire met the duty of recordation and transcription imposed by OCGA §§ 5-6-41 and 17-8-5. *State v. Graham*, 246 Ga. 341 (271 SE2d 627) (1980).

As to argument of counsel, the transcription was limited to those matters to which objection was made. That, too, was a sufficient compliance with OCGA § 17-8-5, which mandates the transcription of the proceedings in all felonies but which expressly excepts the argument of counsel from that requirement. The trial court's order that only the portions of the arguments dealing with objections be transcribed was not erroneous. *Brown v. State*, 242 Ga. 602 (2) (250 SE2d 491) (1978).

5. As noted above, appellant was arrested for a different armed robbery, was questioned about that robbery, and was then questioned about the robbery involved in this case. The detective who investigated this case sat in on the first interrogation, then proceeded immediately to interrogate appellant about this case. Appellant concedes that he was read his Miranda rights at the outset of the interrogation and signed a waiver of those rights, but argues now, as he did at trial, that the statement he gave concerning the robbery in this case should be suppressed because he was not instructed again about his rights before giving the statement introduced against him at the trial of this case. We disagree. This issue was decided adversely to appellant's position in *Heard v. State*, 165 Ga. App. 252 (1) (300 SE2d 213) (1983): "The evidence authorized the trial court to conclude that appellant was advised of his rights by the detective who began the interview and that the giving of the [statement] in question was part of a continuing interrogation. Under those circumstances, we conclude that appellant was sufficiently advised of his Miranda rights. [Cits.]"

6. Two days before trial, appellant's trial counsel discovered that

one of the witnesses on the list supplied by the State had another name. Appellant now enumerates as error the trial court's denial of his motion to exclude the testimony of that witness. We find no error.

On direct examination, the witness gave the name by which the State had listed him. On cross-examination, he revealed that he was also known by the other name, but that he used the name the State had used on the list of witnesses. In our opinion, there has been no showing of a violation by the State of OCGA § 17-7-110, which requires that the State, on a defendant's demand, provide a list of the witnesses to be called at trial. Furthermore, appellant's counsel knew of the second name for two days before trial but made no showing that he was unable to interview the witness in that time. Finally, we note that appellant's trial counsel made no motion for a continuance in order to interview the witness. Under all those circumstances, we find no abuse of discretion in the trial court's refusal to exclude the testimony. *Ellis v. State*, 248 Ga. 414 (3) (283 SE2d 870) (1981).

7. An alleged accomplice testified against appellant and his co-defendant. The State asked her whether she had received any communication from either defendant since the robbery. Before she answered, the trial court excluded any testimony on the subject, instructed the jury to disregard the question, and told them not to speculate about the answer to the question. Appellant enumerates as error the denial of his motion for mistrial.

In *Porter v. State*, 163 Ga. App. 511 (2) (295 SE2d 179) (1982), this court addressed this issue: "Where a motion for mistrial is made on the ground of inadmissible evidence illegally sought to be placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion and where timely and proper corrective measures are taken and the evidence [is] innocuous or equivocal, normally this court will find no abuse of discretion in denying a motion for mistrial. [Cit.]" In the present case, the question alone was equivocal and we find the trial court's curative instructions sufficient. There was no abuse of discretion in denying appellant's motion for mistrial.

8. After appellant's car was impounded, it was held for at least a month before sections of upholstery were removed for the purpose of determining the blood type of bloodstains thereon. When the state sought to introduce that evidence, appellant raised a chain of custody objection based on his contention that there could have been tampering with the evidence during the time the car was impounded. "However, there was no positive showing that these samples were tampered with, diluted, contaminated, intermingled, switched or otherwise interfered with during the time they were [in the automobile impound area]. In the absence of such a showing the mere possibility of interference, accompanied only by suspicion, is not sufficient to declare

that the chain of custody was inadequate. [Cits.]" *Porter v. State*, 162 Ga. App. 661 (1) (292 SE2d 529) (1982).

9. Appellant argues on appeal that the fact that his co-defendant was his brother demanded the grant of his motion to sever. The basis of this argument is appellant's contention that the jury may have inferred from the fact of kinship that appellant was involved along with his brother.

The standards for deciding a motion to sever are set out in *Stevens v. State*, 165 Ga. App. 814 (3) (302 SE2d 724) (1983): "(1) 'Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights?' " Appellant has shown nothing in the record that would warrant an affirmative answer to any of those questions. We do not find the fact of kinship to be so prejudicial to appellant as to demand a severance. There was no abuse of discretion in the denial of appellant's motion to sever.

10. In argument to the jury, the prosecuting attorney asked rhetorically whether defense counsel had disproven any of the testimony of the accomplice who testified for the State. Appellant contends that the question was an attempt to shift the burden of proof to appellant and that the overruling of his objection to the argument was error. We find the remark to be no more than a permissible comment on appellant's failure to adduce evidence rebutting the State's evidence. *Shells v. State*, 168 Ga. App. 442 (309 SE2d 664) (1983). We note also that the trial court instructed the jury appropriately on the State's burden of proof.

11. Contrary to appellant's assertion in his final enumerated error, the evidence was sufficient to support the conviction. The testimony of the accomplice was unequivocal with regard to appellant's participation in the armed robbery and was corroborated in several ways. Appellant was identified by an eyewitness. Bloodstains on the upholstery of appellant's car matched the blood type of the accomplice, who was injured during the robbery. Our review of the record convinces us that a rational trier of fact could reasonably have found from the evidence adduced at trial that appellant was guilty beyond a reasonable doubt of the offense charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 20, 1984.

*G. Terry Jackson*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, James M. LaChance, Assistant District Attorneys,* for appellee.