### 74408. PHILLIPS v. THE STATE.
(363 SE2d 283)

McMURRAY, Presiding Judge.

Defendant was convicted of driving under the influence of alcohol and this appeal followed. *Held*:

1. Defendant contends that the verdict was contrary to the evidence and that the trial court erred in denying his motion for a directed verdict of acquittal. We disagree. Viewing the evidence in the light most favorable to the State, we find the following facts:

On January 12, 1986, at about 4:30 a.m., the police found defendant in his pickup truck on a dirt road near a trailer park. Defendant had passed out and was slumped over the steering wheel. The truck was "almost in the middle of the road," "sitting on the wrong side of the street." In the words of one officer, it was "parked kind of crossways the road." The engine was running and the lights were on. Defendant's speech was slurred; the smell of alcohol was on his breath. Defendant was arrested for driving under the influence of alcohol. He was advised of his rights and asked whether he was driving the truck. Defendant told the police that "he didn't know how he got there." He did not deny driving the truck.

At trial, defendant did not deny that he was intoxicated at the time in question. He maintained, however, that he did not drive his truck. Defendant testified that he spent the previous evening drinking with a female companion at a place called Carrigans; that she lived in the trailer park; that he and his female companion left Carrigans when it closed; that his companion drove the truck because she was in better shape than defendant; and that he fell asleep on the way back to the trailer park. Defendant also averred that he turned on the engine to keep warm (it was cold outside) and that when he was awakened by the police he had no idea how he had gotten there. The fe-

male companion was not called as a witness.

"It is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence. *Stephens v. State*, 127 Ga. App. 416 (192 SE2d 870) (1972). It is not necessary that the circumstantial evidence exclude *every* reasonable inference or hypothesis except guilt of an accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. The jury itself decides whether every reasonable hypothesis except that of guilt of the defendant has been excluded. *Rogers v. State*, 139 Ga. App. 656, 659 (229 SE2d 132) (1976)." *Lewis v. State*, 149 Ga. App. 181 (1), 182 (254 SE2d 142).

The evidence, though circumstantial, justified a finding of defendant's guilt beyond a reasonable doubt. *Lewis v. State*, 149 Ga. App. 181, supra; *Fuller v. State*, 166 Ga. App. 734, 735 (305 SE2d 463); *Drayton v. State*, 175 Ga. App. 803 (334 SE2d 720). Defendant was found sitting behind the wheel of a truck which was parked in the middle of the road. The engine was running and the lights were on. Although no one saw defendant driving the truck, the circumstantial evidence demonstrated he had been in physical control of a moving vehicle shortly before the police arrived. " 'The jury was authorized not to accept an alternate hypothesis offered by (appellant).' *Porter v. State*, 162 Ga. App. 661 (2) (292 SE2d 529)." *Fuller v. State*, 166 Ga. App. 734, 735 (1), supra.

2. Defendant enumerates error upon the refusal to give the following request to charge: "I charge you that OCGA § 40-6-391 makes it illegal to drive or be in actual physical control of any moving vehicle while under the influence of alcohol or drugs. This means that *while the vehicle need be driven for only a few yards*, it must be a moving vehicle under the control of defendant." (Emphasis supplied.) This enumeration is not meritorious. The trial court instructed the jury correctly that "[a] person shall not drive or be in actual physical control of any moving vehicle while under the influence of alcohol." See OCGA § 40-6-391 (a). The failure to give a requested charge is not harmful error where the charge given by the trial court embraced the same subject matter or as much thereof as was appropriate. *Epps v. State*, 134 Ga. App. 429, 434 (7) (214 SE2d 703). Since the trial court charged the jury on the subject matter of the requested charge, it cannot be said defendant was harmed by the failure to give the requested charge. Moreover, under the facts of this case, the requested charge is argumentative and an incorrect interpretation of the law. See *Carr v. State*, 169 Ga. App. 679 (1) (314 SE2d 694).

3. The assertion is made that defendant's statements to the police and the results of an intoximeter test were admitted erroneously over objection because they were the fruits of an illegal arrest. In this regard, it is argued that the police lacked probable cause to arrest

defendant for driving under the influence of alcohol.

The facts and circumstances within the knowledge of the police were sufficient to warrant the belief by a man of reasonable caution that a crime had been committed. See *Cornelius v. State*, 165 Ga. App. 794 (302 SE2d 710). As defendant was not arrested illegally, the results of the intoximeter test and defendant's statements were not tainted.

4. Defendant complains that in overruling his "tainted evidence" objection, the trial court rested its ruling upon an erroneous legal theory. This complaint has no merit. When a ruling of the trial court is legally correct, it will be upheld regardless of the reason assigned. *State v. Brittain*, 147 Ga. App. 626, 627 (249 SE2d 679); *Futch v. State*, 145 Ga. App. 485, 486 (1), 487 (243 SE2d 621).

*Judgment affirmed. Deen, P. J., Pope, Benham and Beasley, JJ., concur. Birdsong, C. J., Banke, P. J., Carley and Sognier, JJ., dissent.*

SOGNIER, Judge, dissenting.

I respectfully dissent. In Georgia, as elsewhere in the United States, a defendant is not required to prove his innocence; rather, the State must prove a defendant's guilt beyond a reasonable doubt. This court cannot relieve the State of this burden by an assumption, unsupported by logic or evidence, that an intoxicated person passed out under the steering wheel of his parked vehicle is, or must have been, operating a *moving* vehicle while under the influence of alcohol.

The majority opinion infers that because appellant did not call his girl friend as a witness his testimony did not present a reasonable hypothesis save that of guilt. Aside from the fact that appellant did not have to prove his innocence, such an inference overlooks the fact that there is a very plausible explanation for not calling the witness, namely, that if the girl friend testified she would incriminate herself by testifying that she drove the truck while under the influence of alcohol, and thus, she could refuse to testify.

OCGA § 40-6-391 (a) provides, in pertinent part: "A person shall not drive or be in actual physical control of any *moving* vehicle while: (1) Under the influence of alcohol; . . ." (Emphasis supplied.) Not only was appellant not *driving* his parked vehicle, it can hardly be said that he was in physical control of the vehicle when he was either asleep or passed out under the steering wheel. Thus, he did not violate the statute cited by driving or being in actual physical control of a *moving* vehicle.

In *Carr v. State*, 169 Ga. App. 679 (2) (314 SE2d 694) (1984), the trial court charged the jury that "being in actual physical control of a vehicle might be accomplished merely 'by sitting therein on a public highway or elsewhere, and while in control and under the steering

wheel, starting the motor, under which circumstances being in the actual physical control of the vehicle is a separate offense from the actual driving of the vehicle.' " The court also recharged the jury that "the term 'movement' did not necessarily refer to movement of the vehicle itself but could also refer to 'acts which engage the machinery of the vehicle, that alone or in sequence will set in motion the motive power of the vehicle.' " In reversing on the ground that these charges were an incorrect statement of the law, we held: "These charges were not a correct statement of current law but were evidently derived from judicial interpretations of former Code Ann. § 68-1625 (Ga. L. 1953, Nov. Sess., pp. 565, 575), under which it was unlawful for any person under the influence of alcohol to operate any vehicle, without regard to whether it was moving. See e.g., *Flournoy v. State*, 106 Ga. App. 756 (128 SE2d 528) (1962). That statute was superseded by Ga. L. 1974, pp. 633, 693, which serves as the basis for the present code section. The former proscription against merely operating a vehicle while under the influence of intoxicating liquor has been replaced by a proscription against driving or being 'in actual physical control of any moving vehicle' while under the influence of alcohol or drugs. OCGA § 40-6-391 (a) (Code Ann. § 68A-902)." Id. 680.

Appellant's explanation as to what he was doing in the truck was plausible, and was supported by the fact that the truck was in the road directly across from the trailer where his girl friend lived. Since there was no evidence, circumstantial or otherwise, that appellant was operating or in physical control of a *moving* vehicle, I would reverse the conviction in this case.

I am authorized to state that Chief Judge Birdsong and Presiding Judge Banke join in this dissent.

DECIDED NOVEMBER 5, 1987 —
REHEARING DENIED NOVEMBER 24, 1987.

*John H. Calhoun, Jr.*, for appellant.
*David B. Pittman, Solicitor*, for appellee.