A89A2020. JOHNSON v. THE STATE.
(391 SE2d 132)

COOPER, Judge.

Appellant was tried before a jury and convicted of driving under the influence (OCGA § 40-6-391 (a) (1)), and operating a motor vehicle after being declared an habitual violator. OCGA § 40-5-58 (c). He appeals from the judgment of conviction and sentence entered on the jury verdict.

1. Appellant contends that the trial court erred in denying his motion for a directed verdict because there was no evidence that he operated a motor vehicle while under the influence of alcohol. We disagree. The arresting officer's testimony, uncontroverted at trial, was that during a routine patrol at approximately 2:00 a.m. he observed a truck parked in a local fast food parking lot, with the lights on, and the engine running. By the time the officer reached the car, the engine had been turned off, and he observed appellant inside the truck. As appellant got out of the truck, the officer noticed that his eyes were very glassy, and that he had a strong odor of alcohol about his person. After the officer administered a field sobriety test to appellant, which proved to be positive, he arrested appellant for driving under the influence of alcohol. After appellant's arrest an intoximeter test was administered, which measured appellant's blood-alcohol content to be 0.18 percent.

Appellant is correct that to be guilty of the offense of driving under the influence one must drive or be in actual physical control of a moving vehicle while under the influence of alcohol. *Carr v. State*, 169 Ga. App. 679 (2) (314 SE2d 694) (1984). However, " '[i]t is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence.' [Cits.]" *Phillips v. State*, 185 Ga. App. 54 (1) (363 SE2d 238) (1987). " 'In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* infer-

ences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt.' [Cit.]" *Frye v. State*, 189 Ga. App. 181 (375 SE2d 101) (1988). Although the evidence was circumstantial, it justified a finding of guilt beyond a reasonable doubt. The officer found appellant behind the steering wheel of a truck in a local business' parking lot at 2:00 a.m. The engine was running, the lights were on, and appellant had glassy eyes and an odor of alcoholic beverage about his person. Although the officer did not see the car moving, he observed circumstances from which a jury could infer that appellant was in actual physical control of the car when it was moved to the location where the officer found it, and that appellant was intoxicated while moving it there. See *Frye v. State*, supra. Therefore, we affirm the trial court's denial of appellant's motion for directed verdict.

2. In his second enumeration of error, appellant contends that the trial court erred in denying his motion for a directed verdict on the habitual violator charge because the State failed to prove that he drove a vehicle and that he was notified about his status of habitual violator. For the reasons discussed in Division 1, appellant's contention that the State failed to show he drove a vehicle is without merit. We also find appellant's contention that there was no evidence that he received notice of his habitual violator status to be without merit. Notice of appellant's habitual violator status was sent by certified mail to appellant at his last known address and the return receipt indicates that the notice was signed for by appellant. " '[N]otice (of habitual violator status) given by certified mail with return receipt requested mailed to the person's last known address shall be *prima facie evidence* that such person *received* the required notice.' " *King v. State*, 179 Ga. App. 184 (345 SE2d 902) (1986). The evidence offered by the State was sufficient to make out a prima facie case against appellant, and the trial court did not err in denying a directed verdict of acquittal.

3. Appellant enumerates as error the trial court's admission of the result of his intoximeter test, which was not supplied to appellant pursuant to OCGA § 17-7-211. However, the uncontradicted testimony of the officer who administered the test was that he gave appellant a copy of the test results. "Since the appellant had already been provided with a copy of the intoximeter test results, he could not have been harmed by the [S]tate's failure to provide the same pursuant to OCGA § 17-7-211. [Cit.]" *Henson v. State*, 168 Ga. App. 210 (1) (308 SE2d 555) (1983). Accordingly, we find that the trial court properly admitted the test results into evidence.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 13, 1990.

*Brace W. Luquire*, for appellant.
*Douglas C. Pullen, District Attorney, J. C. Bernard, Assistant District Attorney*, for appellee.