A92A0904. THE STATE v. BAXTON.
(421 SE2d 129)

BEASLEY, Judge.

The State appeals the trial court's grant of appellee Baxton's motion to suppress the fruits of a search and seizure.

Baxton appeared at a roadblock being conducted by the sheriff's

department and the county and city police departments. He was stopped and questioned by a deputy sheriff who had knowledge of Baxton's prior drug charges. Baxton produced his valid driver's license and proof of insurance upon request but refused to consent to a search of the vehicle. He did allow a drug dog to sniff his vehicle.

The deputy then asked him to drive his car into the parking lot of a nearby Y.W.C.A. As Baxton was stepping out of his vehicle, he alerted the officer to the fact that he had a gun in it. At that point, Baxton was arrested so that the deputy could verify his criminal record. The drug dog did not alert to any contraband and, although the radio dispatcher initially stated that there was a conviction against Baxton, the dispatcher informed the deputy several minutes later that Baxton had been given first offender status. The deputy allowed Baxton to leave, on the belief his possession of the gun was not illegal. The deputy did not smell any odor of alcohol on Baxton and did not detect anything about his behavior or physical appearance that led the deputy to conclude that he was intoxicated.

As the deputy was removing the handcuffs, Officer Batsel approached. He testified that he observed the odor of alcohol on Baxton's breath and that it appeared he was under the influence of alcohol. He summoned a DUI task force officer to administer a breathalyzer test and a series of field sobriety tests. The breathalyzer registered .049 mgs., resulting in a presumption that Baxton was not under the influence of alcohol. OCGA § 40-6-392 (b) (1). Based on the other tests, which Baxton failed, the task force officer testified that it was his opinion that Baxton was under the influence. He was again formally placed under arrest and put in the back seat of a police car. During a search of his vehicle incident to arrest, plastic bags containing a white powdery substance which appeared to be cocaine were found in a bank bag in the glove compartment and on the front seat.

The indictment charged driving under the influence of alcohol and drugs (OCGA § 40-6-391) and violating the Controlled Substances Act (OCGA § 16-13-30). The motion to suppress evidence seized in the vehicle search is grounded on the Fourth and Fourteenth Amendments to the United States Constitution and "similar. provisions of the Constitution of the State of Georgia" which are otherwise unidentified.

After an evidentiary hearing on the motion, the trial court stated:

"[T]he officer comes across the road and says, yeah, that boy's drunk, let's give him a breath test. Well, he ain't drunk on that one, let's give him another one. He ain't drunk yet, let's give him a third one and he rises up to point zero four eight where there is a presumption that he is not under the influence of alcohol so they say, you're free to go. No, I didn't hear that. I didn't hear that once they secured scientific evidence of non-intoxication he was told he was free to go.

"Deputy Crisp, faced with a situation of a person he believes to be a convicted felon and knowledge that the person is armed, does everything he's trained to do to protect himself, he retrieves the weapon, he handcuffs the suspect and searches the car with a dog which was all right since he had permission.

"There may even be a sign in the Y.W.C.A. parking lot that says all vehicles parked on these premises may be searched with dogs, I don't know.

"But, I do know that the only person who has testified on behalf of the State that he actually saw this defendant drive has also testified he saw no evidence that he was intoxicated.

"The motion is granted." An order to this effect was entered.

Citing *Phillips v. State*, 185 Ga. App. 54 (1) (363 SE2d 283) (1987), among other cases, the State argues on appeal that it was not necessary that Office Batsel actually see appellee while he was driving the car, since the driving of an automobile while intoxicated may be shown by circumstantial evidence. In *Phillips*, the defendant's vehicle was found parked on a road with its engine running and the lights on. The defendant was slumped over the steering wheel, passed out, and intoxicated. It was held that the evidence authorized a finding that he had driven the automobile while intoxicated.

The question is not whether appellee was driving his vehicle prior to his arrest for DUI. The question is whether the arrest was supported by probable cause that appellee was intoxicated or whether it was a pretext for an unlawful search. It is clear from the record that the trial court found that the arrest was not based on probable cause, because it did not credit the officers' testimony that appellee appeared to be intoxicated or that he was in fact intoxicated.

This case is thus controlled by the oft-cited principle that " '(t)he trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. (Cits.)' [Cit.]" E.g., *McShan v. State*, 155 Ga. App. 518, 519 (2) (271 SE2d 659) (1980). The trial court's decision was not clearly erroneous.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JULY 15, 1992.

*Robert E. Keller, District Attorney, Andrei G. Howze, Assistant District Attorney,* for appellant.

*Sexton, Moody & Renehan, Lee Sexton,* for appellee.