## A00A0438. DEERING v. THE STATE.
### (535 SE2d 4)

BLACKBURN, Presiding Judge.

Following a jury trial, William Barry Deering appeals his convictions for possession of a firearm by a convicted felon, driving under the influence, driving without a valid license, driving with an open container of alcohol, and carrying a concealed weapon. Deering contends that the evidence was insufficient to support the verdicts against him. For the reasons set forth below, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Deering] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The

. . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewing the evidence in this light, the record shows that Officer Mason Brewer responded to an early morning call from a citizen who stated that a man was standing outside a home firing a gun. When Officer Brewer arrived at the scene, he found a blue Ford Crown Victoria blocking the driveway, and Deering was sitting in the driver's seat with his torso slumped over to the passenger's side. Officer Brewer noticed that the car's engine was running, and it appeared to him that the car had just been parked. There were no other people in the vicinity at the time Officer Brewer arrived at the scene.

Officer Brewer then pulled his car alongside Deering, who started cursing and screaming. Officer Brewer noticed that Deering's hair and clothing were disheveled, there was the smell of an alcoholic beverage on his breath, and his eyes were red and glassy. Deering's demeanor was aggressive and agitated, and, because of this fact, Officer Brewer requested that Officer Franklin come to the scene to provide backup. When Officer Franklin arrived at the scene, he searched Deering's vehicle and found a loaded pistol wedged between the front seats of the car. In addition, Officer Brewer subsequently found an open can of beer on the floor of the car. Although Deering refused to take a test to determine whether he had been drinking, he later admitted that he had consumed a beer earlier in the evening.

1. Deering contends that his convictions for driving under the influence, driving with an open container, and driving without a valid license must be reversed because the State failed to provide sufficient evidence that he actually drove the car in which he was found. We disagree.

Appellant is correct that to be guilty of the offense of driving under the influence one must drive or be in actual physical control of a moving vehicle while under the influence of alcohol. *Carr v. State*, 169 Ga. App. 679 (2) (314 SE2d 694) (1984). However, " '(i)t is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence.' (Cits.)" *Phillips v. State*, 185 Ga. App. 54 (1) (363 SE2d 283) (1987). " 'In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify

the inference, beyond a reasonable doubt, of guilt.' (Cit.)" *Frye v. State*, 189 Ga. App. 181 (375 SE2d 101) (1988).

(Emphasis in original.) *Johnson v. State*, 194 Ga. App. 501 (1) (391 SE2d 132) (1990).

In this case, Deering was found in the driver's seat of a car with its engine running. In addition, the arresting officer testified that the car appeared to have been recently parked and no other persons who could have driven the car were on the scene. At the time that he was confronted, Deering was unkempt, his eyes were glassy, and he smelled of an alcoholic beverage. Deering could produce no valid driver's license, and an open container of beer was found in the car.

> Although [Officer Brewer] did not see the car moving, he observed circumstances from which a jury could infer that [Deering] was in actual physical control of the car when it was moved to the location where the officer found it, and that [Deering] was intoxicated[, without a valid license, and possessing an open container of alcohol] while moving it there.

*Johnson*, supra at 502. See also *Jenkins v. State*, 223 Ga. App. 446 (1) (478 SE2d 143) (1996). Furthermore, the circumstantial evidence of Deering's physical appearance and demeanor was sufficient for the jury to determine that Deering was less safe to drive in his condition. See *Lewis v. State*, 149 Ga. App. 181, 182 (2) (254 SE2d 142) (1979).

Although Deering vigorously argues contradictions in his own testimony and that of Officer Brewer, it is the role of the jury, not this Court, to judge the credibility of witnesses. See *Jackson*, supra.

2. Deering contends that his convictions for possession of a firearm by a convicted felon and carrying a concealed weapon must be reversed because the State provided insufficient evidence to show that he was in actual possession of the firearm. Again, we disagree.

> "The law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it."

*Simpson v. State*, 213 Ga. App. 143, 144-145 (1) (444 SE2d 115) (1994). Constructive possession is sufficient to prove possession of a firearm by a convicted felon. *Cantrell v. State*, 204 Ga. App. 330, 331-332 (419 SE2d 141) (1992).

In this case, Deering was the sole occupant of the vehicle. The gun, which was cocked, loaded, and placed between the front seats of the car, was within his reach and, therefore, subject to his control. There were no other individuals in the area, and a call had been received that an unknown man at that address had been firing a weapon. This evidence, although circumstantial, was sufficient to support the jury's conclusion that Deering was in possession of the gun found by Officer Franklin. *Jackson,* supra.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MAY 16, 2000.

*W. Eugene Jessup,* for appellant.

*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney,* for appellee.