## A02A0862. SMITH v. THE STATE.
### (570 SE2d 26)

JOHNSON, Presiding Judge.

Cherry Smith was found guilty of driving under the influence of alcohol, driving on the wrong side of the road, and driving without a current vehicle tag. She appeals, alleging (1) the trial court erred in admitting the results of a blood test and (2) there was insufficient evidence to support the verdict. Because both of these enumerations of error lack merit, we affirm Smith's convictions.

1. Viewed in a light most favorable to support the trial court's verdict, the evidence shows that Smith lost control of her car, crossed the road and almost ran into the ditch on the opposite side of the road, then traveled back across the road and ended up in the ditch on her side of the road. When the two investigating officers arrived at the scene approximately 10-15 minutes later, they found Smith's car still in the ditch. No license plate or registration decal was displayed on the rear of the car. Smith was inside the car, still behind the steering wheel, but slumped toward the right passenger side. The car was still in gear and running, and a strong odor of alcohol was coming from the car. When Smith tried to explain why her car was in the ditch, the officers detected alcohol on her breath.

Before the ambulance left the scene for the hospital, an officer read Smith the implied consent notice, and Smith consented to a blood sample being taken by a nurse at the hospital. This blood sample was sent to the crime lab, where a forensic toxicologist discovered a blood alcohol level of 0.394 grams.

Smith contends the trial court erred in admitting the results of the crime lab blood test because the state failed to introduce any certificates showing that the machine used to test the blood had been maintained in proper working order. We find no error.

Contrary to Smith's argument, certificates are not the exclusive means of laying the foundation to admit blood alcohol test results.[1] Substantial statutory compliance can be established by circumstantial evidence arising from the testimony of a chemist who operated the machine and performed the test.[2] Here, the state presented the testimony of Stacy Reynolds, a forensic toxicologist with the Georgia Bureau of Investigation and the individual who performed the blood test in this case. Reynolds testified that she was trained and certified to perform the blood test. According to Reynolds, she performs approximately 1,000 blood and urine tests per year and is qualified to use the machine used here. The state introduced a copy of the certifi-

---

[1] See *Diaz v. State*, 245 Ga. App. 380, 382 (3) (537 SE2d 784) (2000); *Waggoner v. State*, 228 Ga. App. 148, 151 (3) (b) (491 SE2d 88) (1997).

[2] *Waggoner*, supra.

cate showing that Reynolds was certified to run the machine. More-over, Reynolds testified that, when she performed Smith's blood test, the machine was working and there were no problems with the machine. This evidence satisfied the requirements of OCGA § 40-6-392 (a) (1) (A).[3] The trial court's admission of the blood test results into evidence was therefore proper.

2. Smith contends the evidence was insufficient to support the trial court's verdict. We disagree. The undisputed evidence clearly established that Smith drove on the wrong side of the road and that her car did not have a license plate or decal. As for the driving under the influence charge, the officer's testimony regarding the smell of alcohol, as well as the lab test results, establish that Smith was intoxicated. And, although the officers did not observe Smith actually driving the car, they provided testimony from which a reasonable trier of fact could infer that Smith was in actual physical control of the car when the car was driven on the wrong side of the road and ended up in a ditch. This testimony included the facts that Smith was the only occupant of the car, that the car was still in gear and running when the officers arrived at the scene, and that Smith was behind the steering wheel when the officers found her.[4] A rational trier of fact was authorized to find Smith guilty beyond a reasonable doubt of driving under the influence of alcohol, driving on the wrong side of the road, and driving without a current vehicle tag.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED JULY 29, 2002.

*Earle J. Duncan III*, for appellant.
*Wensley Hobby, Solicitor-General*, for appellee.

---

[3] *Diaz*, supra at 382-383; *Banks v. State*, 235 Ga. App. 701, 702 (1) (509 SE2d 63) (1998).
[4] *Deering v. State*, 244 Ga. App. 30, 31-32 (1) (535 SE2d 4) (2000).