A97A2140. HILL v. THE STATE.
(495 SE2d 333)

SMITH, Judge.

Robert Wade Hill was charged by accusation with one count of driving under the influence of alcohol and one count of improper lane change. He was convicted by a jury on both counts. He appeals, asserting as his sole enumeration of error the trial court's admission of a 1992 guilty plea to DUI as a similar transaction. The trial court found the previous DUI sufficiently similar and ordered that it would be "admissible as evidence of a similar transaction to show bent of mind and course of conduct." We agree and affirm.

"Unlike assault or robbery or other crimes against the person or property of a victim . . . which can be committed under varying factual circumstances, the crimes of driving after having been declared an habitual violator and driving under the influence are essentially committed under the same factual circumstances. The type of vehicle driven or the degree or source of intoxication may vary, but it is the simple act of driving while having the status of an habitual violator or while under the influence that establishes the commission of those crimes. A prior act of driving while having that status or while in that condition would, regardless of any slight variance of circumstances, be relevant to prove bent of mind or course of conduct. [Cits.]" *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638) (1992).

The trial court relied on *Kirkland* to admit the earlier DUI, noting that "the DUIs can be different. They don't have to be and they can't possibly be exactly the same." The trial court found that the incidents "are sufficiently similar so that the proof of the former tends to prove the latter." Moreover, as noted by the prosecutor in her offer of proof, the details of the two incidents show additional similarities. The earlier incident occurred in East Ellijay, Georgia, in 1992. At 11:12 p.m., Hill was stopped after a police officer observed him speeding and weaving as he attempted to change lanes. The officer testified that Hill smelled of alcohol, had bloodshot eyes, and swayed when he walked. He told the officer that he had "had two or three"; he failed several field sobriety tests, including the horizontal gaze nystagmus and alco-sensor test.

In this incident, which occurred in 1994, Hill was stopped at

11:59 p.m.[1] in Roswell, Georgia. Hill was driving the same vehicle as in the 1992 incident. The officer observed Hill weaving, stopped the vehicle, and found that Hill smelled strongly of alcohol, was unsteady on his feet, and had bloodshot eyes. He told the officer he had had four beers. He failed several field sobriety tests (although he successfully completed the first of three) and the alco-sensor was positive for the presence of alcohol.

The lapse of time between the incidents, approximately two years, is not sufficient to render the first incident inadmissible. "As we have previously found, where 'similar transaction' evidence has been admissible otherwise, lapses of time of 11 years and of 19 years have not demanded that the evidence was inadmissible." (Citations and punctuation omitted.) *Guinn v. State*, 224 Ga. App. 881, 883 (1) (a) (482 SE2d 480) (1997) (DUIs five and six years earlier). Nor does a distance of fifty miles between the sites of the incidents render the earlier one inadmissible. See *Goodwin v. State*, 222 Ga. App. 285, 287 (474 SE2d 84) (1996) ("That appellant was in a different car and county does not negate the relevance of the prior DUI, as slight variances are comprehended by *Kirkland*.").

Contrary to Hill's contention, the fact that the arresting officers administered different field sobriety tests is not dispositive as to the similarity of the incidents. Such a difference goes to what the *officers* chose to do, not Hill's course of conduct, bent of mind, or intent. The trial court did not err in admitting evidence of the circumstances surrounding Hill's 1992 guilty plea as a similar transaction.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 6, 1998 —
RECONSIDERATION DISMISSED MARCH 20, 1998.

*Larry W. Yarbrough*, for appellant.

*Carmen Smith, Solicitor, Fay I. McCormack, Cynthia G. Strong-McCarthy, Assistant Solicitors*, for appellee.

---

[1] In her offer of proof, the prosecutor mistakenly stated that the incident on trial occurred at 9:59 p.m., but the difference in time remains approximately one hour.