S02A1116. NOBLE v. THE STATE.
(570 SE2d 296)

HUNSTEIN, Justice.

Ben Edward Noble was convicted at a bench trial and sentenced on two counts of driving under the influence and another vehicular infraction arising out of two incidents three months apart. Finding no error in the trial court's rulings, we affirm.

1. Jurisdiction is in this Court based on Noble's meritless challenge to the constitutionality of OCGA § 40-6-391 (a) (5), which makes it illegal to drive a motor vehicle with an alcohol concentration greater than 0.08 grams. OCGA § 40-1-1 (1) defines "alcohol concentration," inter alia, in terms of grams of alcohol per liters of "breath." Noble's claim is that the statute is unconstitutionally vague because the term "breath" is not defined therein. When measured by a "common understanding" of the term "breath," we find that OCGA § 40-6-391 (a) (5) provides more than adequate notice to a person of

ordinary intelligence that driving with an alcohol concentration in excess of 0.08 grams, as measured by grams of alcohol per liters of breath, is criminal conduct. See generally *Connally v. State*, 265 Ga. 563, 564 (3) (458 SE2d 336) (1995). Accord *Bohannon v. State*, 269 Ga. 130 (3) (497 SE2d 552) (1998) (OCGA § 40-6-391 (a) (5) not void for vagueness because of any difficulty a driver may have in determining amount of alcohol in his system).

2. We find no error in the State's joinder of the November 2000 and February 2001 DUI incidents in one accusation as there was no undue risk of prejudice to Noble from a joint disposition of these charges. See generally *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975). Nor was there an abuse of the trial court's discretion in denying Noble's motion to sever the charges. A trial court "does not abuse its discretion in denying a severance motion where evidence of one charge would be admissible in the trial of the other. [Cit.]" *Miller v. State*, 270 Ga. 741, 744 (512 SE2d 272) (1999). See also *Bland v. State*, 264 Ga. 610 (2) (449 SE2d 116) (1994). Evidence of Noble's November DUI offense was clearly admissible at the trial of his February DUI offense.[1] *Kirkland v. State*, 206 Ga. App. 27 (3) (424 SE2d 638) (1992) (prior act of DUI relevant to prove bent of mind or course of conduct in subsequent DUI prosecution). Accordingly, it cannot be said that the offenses were joined *solely* because they were of the same or similar character. See *Johnson v. State*, 257 Ga. 731 (2) (363 SE2d 540) (1988). Further, the factual circumstances surrounding the two separate incidents were not so complicated that they could confuse the finder of fact, see generally *Coats v. State*, 234 Ga. 659 (4) (217 SE2d 260) (1975), especially here where Noble waived his right to a jury trial.

3. At the motion to suppress, the trial court allowed Noble to limit his testimony (and the State's cross-examination thereof) only to matters pertaining to the November 2000 offense. However, at the bench trial, the trial court disallowed this procedure. Because the offenses had been properly joined, see Division 2, supra, and because each DUI was probative evidence for the other, see *Kirkland*, supra, the State could not be restricted in its cross-examination to questioning Noble solely about the November 2000 offense. See *Carter v. State*, 161 Ga. App. 734 (3) (288 SE2d 749) (1982). We find no error in the trial court's ruling.

4. Under the facts in this case the trial court did not err by admitting Noble's blood test results. *Birdsall v. State*, 254 Ga. App.

---

[1] The record reveals that the State filed a motion in accordance with USCR 31.1 to obtain the admission of evidence regarding Noble's November 2000 DUI in the event the trial court granted Noble's motion to sever trial of the earlier offense.

555 (562 SE2d 841) (2002), cert. denied, Case No. S02C1146, July 15, 2002.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., who concurs in Divisions 1, 4, and in the judgment.*

DECIDED SEPTEMBER 30, 2002 —
RECONSIDERATION DENIED OCTOBER 25, 2002.

*Robert W. Chestney,* for appellant.
*Joseph J. Drolet, Solicitor-General, Julie A. Kert, Assistant Solicitor-General,* for appellee.