A05A2153. DOTSON v. THE STATE.
(623 SE2d 252)

BLACKBURN, Presiding Judge.

Following a jury trial, Ulysses Dotson, Jr. appeals his convictions for driving under the influence to the extent he was less safe ("DUI"), driving on the wrong side of the road, and reckless driving, contending that: (1) the evidence was not sufficient to convict him of DUI or of driving on the wrong side of the road, and (2) the trial court erred in allowing hearsay testimony during a hearing on Dotson's motion to suppress. We disagree and affirm.

1. (a) Dotson contends that the evidence was not sufficient to convict him of DUI, in violation of OCGA § 40-6-391 (a) (1). We disagree.

The standard of review for sufficiency of the evidence is set out in *Jackson v. Virginia.*[1] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have

---

[13] *Weeks v. State*, 274 Ga. App. 122, 125 (1) (616 SE2d 852) (2005).

[14] *Edward v. State*, 261 Ga. App. 57, 59 (2) (581 SE2d 691) (2003).

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

(Punctuation omitted.) *Taylor v. State.*[2]

So viewed, the record shows that as Dotson drove down a neighborhood street, he was weaving erratically and collided with a car parked on the opposite side of the street from his lane of travel. Upon getting out of his car, Dotson was confused, extremely talkative, and unstable on his feet. A witness who saw the collision and his behavior testified that she believed Dotson was intoxicated. After being called to the scene, the responding police officer spoke to Dotson, smelled an odor of alcohol about Dotson's breath and person, and observed that Dotson had slurred speech. After Dotson refused to take a breath test, the officer placed Dotson under arrest and transported Dotson to a hospital for treatment of injuries he received during the collision. At the hospital, Dotson refused a second breath test.

OCGA § 40-6-391 (a) (1) provides: "A person shall not drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol to the extent that it is less safe for the person to drive." Viewing the facts in the light most favorable to the jury's verdict, we hold that the evidence was sufficient to authorize the jury to find Dotson guilty of DUI. See *Pecina v. State.*[3]

(b) Dotson also contends that the evidence was insufficient to support his conviction of driving on the wrong side of the road. We disagree.

OCGA § 40-6-40 provides, in relevant part:

(a) Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway, except as follows: . . . (2) When an obstruction exists making it necessary to drive to the left of the center of the highway, provided that any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such a distance as to constitute an immediate hazard.

---

[2] *Taylor v. State*, 266 Ga. App. 818 (598 SE2d 122) (2004).

[3] *Pecina v. State*, 274 Ga. 416, 418-419 (2) (554 SE2d 167) (2001).

Dotson testified at trial that he swerved to avoid another car when the collision occurred, and he argued that this obstruction made it necessary to cross the centerline. However, when questioned on cross-examination, Dotson testified that he never saw or spoke to the other driver, who "disappeared." Moreover, an eyewitness disputed Dotson's testimony, testifying that no other vehicle caused Dotson to swerve. The jury, as the arbiter of fact, was entitled to disbelieve Dotson and to believe the eyewitness. See *Harvey v. State*.[4] Therefore, in light of the evidence that Dotson drove on the wrong side of the road, we discern no error. See *Taylor*, supra.

2. Prior to trial, Dotson claimed his arrest lacked probable cause and moved to suppress his post-arrest refusal to submit to a breath test. Relying in part on the arresting officer's testimony about what eyewitnesses told him at the scene, the court found probable cause existed and denied Dotson's motion. On appeal, Dotson claims the trial court erred in relying on hearsay testimony at the suppression hearing. We disagree.

"Admission of evidence is a matter which rests largely within the sound discretion of the trial court and an appellate court will not interfere with its rulings absent abuse of that discretion." (Punctuation omitted.) *Sailor v. State*.[5] At issue in the suppression hearing was the legality of Dotson's arrest, which

> depends upon whether, at the moment the arrest was made, the officer[ ] had probable cause to make it — whether at the moment the facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [Dotson] had committed or was committing an offense. . . . Thus, at a suppression hearing, unlike most trials, the conduct and motives of the officers are at issue, and the court must look to the information available to the officer, including hearsay, to determine if probable cause existed. Accordingly, the trial judge may admit hearsay testimony at the hearing, giving it such weight and credit as he deems proper, although such evidence may not be admissible at trial.

(Footnote omitted.) *McDaniel v. State*.[6]

Here, the arresting officer explained his basis for finding probable cause in part by testifying as to what he was told by witnesses of

---

[4] *Harvey v. State*, 274 Ga. 350, 352 (2) (554 SE2d 148) (2001).

[5] *Sailor v. State*, 265 Ga. App. 645, 648 (2) (595 SE2d 335) (2004).

[6] *McDaniel v. State*, 263 Ga. App. 625, 627-628 (1) (588 SE2d 812) (2003).

the collision, who observed Dotson immediately after the collision and believed he was intoxicated. Dotson did not object to this testimony when it was offered; therefore, the issue is not preserved for appeal. *Tuff v. State.*[7] Nevertheless, such testimony is admissible at a suppression hearing, because it is offered to explain the officer's conduct and motives instead of to prove the truth of the testimony's contents. See *McDaniel*, supra. Accordingly, we discern no error.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED NOVEMBER 17, 2005.

*Roderick K. Bridges, Candace L. Byrd*, for appellant.

*Joseph J. Drolet, Solicitor-General, Barbara M. Collins, Assistant Solicitor-General*, for appellee.

