## A06A1715. GAMBLE v. THE STATE.
### (641 SE2d 556)

JOHNSON, Presiding Judge.

A judge, sitting without a jury, found David Gamble guilty of driving under the influence of alcohol. Gamble appeals, challenging the sufficiency of the evidence supporting the conviction, the admission of similar transaction evidence and the lawfulness of the police roadblock at which he was stopped.[1] The challenges are without merit, and we therefore affirm Gamble's conviction.

1. On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, this court does not weigh the evidence or determine the credibility of witnesses.[2] Rather, we determine only if there is enough evidence from which a rational trier of fact could have found the accused guilty beyond a reasonable doubt.[3]

In the instant case, the state presented evidence that shortly after midnight on June 26, 2005, Gamble was driving his car when he was stopped at a police roadblock in Cobb County. The officer who stopped Gamble testified that Gamble had a strong odor of alcohol about him, that his eyes were extremely bloodshot, that he was slack-jawed and that his speech was slurred. Gamble told the officer that he had consumed two alcoholic drinks, but he refused to perform any field sobriety tests or submit to a state-administered breath test. Based on his 12 years of experience as a patrol officer and his DUI training, the officer testified that in his opinion Gamble was under the influence of alcohol to the extent that he was a less safe driver. The state also introduced Gamble's two prior convictions for driving under the influence of alcohol as similar transaction evidence.

Having reviewed all the evidence in the light most favorable to the judgment of the trial court, we find sufficient evidence from which a rational trier of fact could have found Gamble guilty beyond a

---

[1] Gamble also asserted a fourth enumeration of error concerning the issue of when he was taken into custody, but he has withdrawn that enumeration of error on the basis that the issue was not properly preserved for appellate review.

[2] *Taylor v. State*, 278 Ga. App. 181 (1) (628 SE2d 611) (2006).

[3] *Dotson v. State*, 276 Ga. App. 418, 418-419 (1) (a) (623 SE2d 252) (2005).

reasonable doubt of driving under the influence of alcohol to the extent that he was a less safe driver.[4]

2. Gamble claims the trial court erred in admitting his prior DUI convictions as similar transaction evidence because the prior offenses are not similar to the instant offense and there was no permissible purpose for such evidence. We disagree.

"It is well settled that previous DUI convictions are admissible as similar transaction evidence and relevant to show bent of mind and course of conduct."[5] Not only was the evidence relevant for the purpose of showing Gamble's bent of mind and course of conduct on the night in question,[6] but the prior DUI offenses are sufficiently similar to the current offense to be admissible. The state's evidence shows that all of the offenses occurred near midnight and at similar locations, that Gamble made similar statements to officers on each occasion, and that the indicia of intoxication were similar in each case, including the strong odor of alcohol, slurred speech and blood-shot eyes. Under these circumstances, the trial court did not err in admitting the similar transaction evidence.[7]

3. Five factors must be considered in determining if a roadblock is lawful: (1) the decision to implement the roadblock was made by supervisory personnel for a proper primary purpose; (2) all vehicles are stopped as opposed to random vehicle stops; (3) the delay to motorists is minimal; (4) the roadblock is well identified as a police checkpoint; and (5) the screening officer's training and experience are sufficient to qualify him to initially determine which motorists should be given field sobriety tests.[8] Gamble concedes that factors two, three and five were met by the roadblock at which he was stopped, but he contends that the roadblock was nevertheless unlawful because the decision to implement the roadblock was not made by supervisory personnel for a proper primary purpose and the roadblock was not well identified as a police checkpoint. Gamble's contentions, however, are contradicted by the record.

At trial, Cobb County Police Sergeant Robert Jones testified that he supervised the police department's DUI task force and that as the task force supervisor he had the authority to initiate safety check-points. He further testified that on the date in question he had authorized the roadblock for the purpose of checking each vehicle for driver's licenses and insurance. Sergeant Jones also testified that he

---

[4] See Foster v. State, 258 Ga. App. 601, 601-603 (1) (574 SE2d 843) (2002); Brooks v. State, 187 Ga. App. 194, 194-195 (1) (369 SE2d 801) (1988).

[5] (Citations omitted.) Moody v. State, 273 Ga. App. 670, 671-672 (2) (615 SE2d 803) (2005).

[6] See Kirkland v. State, 206 Ga. App. 27, 28 (3) (424 SE2d 638) (1992).

[7] See Hill v. State, 230 Ga. App. 89, 90 (495 SE2d 333) (1998).

[8] Baker v. State, 252 Ga. App. 695, 696-698 (1) (556 SE2d 892) (2001).

was among the six or seven officers implementing the roadblock and that the checkpoint was identified by patrol cars with blue lights flashing, traffic cones and officers in protective traffic vests.

Contrary to Gamble's claims, it is apparent from the evidence that the roadblock was lawful because the decision to implement the roadblock was made by supervisory personnel, the roadblock was implemented for the proper purpose of checking for licenses and proof of insurance, and the roadblock was well identified as a police checkpoint by the patrol cars with flashing lights, traffic cones and officers in traffic vests.[9]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 10, 2007 —
RECONSIDERATION DENIED JANUARY 29, 2007 — ▆▆▆▆▆▆

*Head, Thomas, Webb & Willis, William C. Head, Gregory A. Willis,* for appellant.

*Barry E. Morgan, Solicitor-General, Jessica K. Moss, Jeffrey A. Johnson, Assistant Solicitors-General,* for appellee.

---

[9] See *Lutz v. State,* 274 Ga. 71, 74 (3) (548 SE2d 323) (2001) (roadblock lawful where purpose was to examine driver's licenses and proof of insurance and where roadblock was clearly identified by police cars with blue lights flashing, cones and officers in vests).