## A07A0874. EVANS v. THE STATE.
### (651 SE2d 363)

JOHNSON, Presiding Judge.

Randall Evans appeals from his conviction for driving under the influence of alcohol to the extent that it was less safe for him to drive[1] and giving a false report of a crime.[2] He challenges the sufficiency of the evidence supporting his DUI conviction and the admission of similar transaction evidence. The challenges are without merit and we thus affirm Evans' conviction.

1. Evans contends that the trial court erred in denying his motion for a directed verdict of acquittal as to the DUI charge because there is no evidence that he drove the vehicle in question. We disagree.

"The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for determining the sufficiency of the evidence to support a conviction."[3] On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence.[4] Moreover, we do not weigh the evidence or assess the credibility of witnesses, but determine only if a rational trier of fact could have found the accused guilty of the crime charged beyond a reasonable doubt.[5]

Viewed in favor of the verdict, the evidence shows that on the night of August 2, 2004, Jessica Silvers and her uncle, Wayne Taylor, were inside Silvers' mobile home in Jackson County when they heard a crash outside the home. They immediately went outside and saw that a pickup truck had hit Silvers' mailbox and a road sign, and that the truck was stuck in a ditch. A man then got out of the truck on the driver's side and walked down the road away from Silvers' house. The man smelled of alcohol and was staggering as he walked. Silvers called the police to report the incident. A few minutes later, the man who had gotten out of the truck, along with a woman, walked back down the road toward Silvers' home. The man spoke to Silvers and offered to pay for her damaged mailbox.

A short time later, a police officer arrived at the scene and spoke to the man, who was then identified as Evans. The officer noticed that Evans was extremely intoxicated or, in the officer's words, "knock kneed drunk." According to the officer, Evans smelled of alcohol, he

---

[1] OCGA § 40-6-391 (a) (1).

[2] OCGA § 16-10-26.

[3] (Citation and punctuation omitted.) *Hunt v. State*, 261 Ga. App. 417 (1) (582 SE2d 493) (2003).

[4] *Lanwehr v. State*, 265 Ga. App. 359, 360 (1) (593 SE2d 897) (2004); *Hunt*, supra at 417-418 (1).

[5] *Lanwehr*, supra; *Hunt*, supra.

was unsteady on his feet, and his speech was slurred to the point that he was almost incomprehensible. Evans told the officer that the truck was his, but he claimed that it had been stolen. The officer then arrested Evans and read the implied consent notice to him. Evans refused to submit to a breath test, but did admit to the officer that he had drunk a few beers. The officer testified that in his opinion Evans was under the influence of alcohol to the extent that he was a less safe driver.

The state also introduced evidence of Evans' 1988 DUI arrest as a similar transaction. The arresting officer testified that he saw Evans drive his car through a red traffic light. He activated the blue lights on his patrol vehicle and attempted to stop Evans, but Evans continued driving and did not stop until he had reached a dead-end street. The officer noticed a strong odor of alcohol on Evans' breath and arrested him for driving under the influence of alcohol. After being given the implied consent notice, Evans refused to take a breath test.

Evans was the only defense witness. Evans admitted that he had been drinking beer on the night in question, that the truck belongs to him, that he had been in the truck when it hit the mailbox and sign, and that he had offered to pay Silvers for her damaged mailbox. But, he claimed, he was not driving at the time of the wreck. According to Evans, he was a passenger in his own truck and someone named Andy Fields was the driver who careened into the ditch.

Having reviewed all the evidence in the light most favorable to the verdict, we conclude that there is sufficient evidence from which a rational trier of fact could have found Evans guilty beyond a reasonable doubt of driving under the influence of alcohol to the extent that it was less safe for him to drive.[6] The trial court therefore did not err in denying Evans' motion for a directed verdict of acquittal.[7]

2. Evans argues that the trial court erred in admitting evidence of his 1988 DUI arrest as a similar transaction because it is too old and not sufficiently similar to the instant DUI offense. We disagree.

> The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show

---

[6] See *Raby v. State*, 274 Ga. App. 665, 666-667 (2) (618 SE2d 704) (2005).

[7] See *Moore v. State*, 281 Ga. App. 141, 144-145 (3) (635 SE2d 408) (2006).

a probability that the defendant committed the crime on trial because he is a man of criminal character.[8]

In the instant case, the evidence of Evans' prior DUI arrest is substantially relevant for the purpose of showing his bent of mind.

[E]vidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the defendant has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so.[9]

As for the 16-year gap between Evans' prior DUI arrest and his current DUI offense, the mere lapse of time generally goes to the weight and credibility of the evidence, not to its admissibility.[10] Moreover, it has been held by both the Supreme Court of Georgia and this court that a 17-year lapse of time between offenses does not automatically render evidence of the prior offense inadmissible.[11]

[T]he mere lapse of time between the commission of any prior similar crimes and the commission of the offenses currently at trial does not render the evidence automatically inadmissible. Rather, lapse of time is a factor to be taken into consideration when balancing the probative value of the evidence against its potentially prejudicial impact.[12]

Given that Evans' prior DUI arrest was admissible for the proper purpose of showing his bent of mind, the lapse of time between the incidents went to the weight and credibility of the evidence, and the trial court thus did not err in allowing the similar transaction evidence.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 1, 2007.

*Mary Erickson*, for appellant.

---

[8] (Citation and punctuation omitted.) *Mullins v. State*, 269 Ga. 157, 158 (2) (496 SE2d 252) (1998).

[9] (Citations and punctuation omitted.) *Lowenthal v. State*, 265 Ga. App. 266, 269 (1) (593 SE2d 726) (2004).

[10] *Hinton v. State*, 280 Ga. 811, 817 (6) (631 SE2d 365) (2006).

[11] See *Mullins*, supra; *Buckholts v. State*, 283 Ga. App. 254, 257-258 (2) (641 SE2d 246) (2007).

[12] (Punctuation and footnote omitted.) *Buckholts*, supra.

*Donald E. Moore, Solicitor-General*, for appellee.