## A10A0955. STEELE v. THE STATE.

(703 SE2d 5)

PHIPPS, Presiding Judge.

After a jury trial, Perry Lee Steele was convicted of driving under the influence to the extent it was less safe for him to do so.[1] He argues on appeal that the court erred by admitting similar transaction evidence. We disagree, and accordingly we affirm.

A law enforcement officer testified that on the evening of September 20, 2008, he observed Steele drive a vehicle into a gas station parking lot, over a curb, and onto a sidewalk, near some pedestrians and "within inches of hitting a building." Steele "nearly stumbled" and "had to use the vehicle for support" as he got out of the vehicle. When the officer approached Steele, he detected a strong odor of an alcoholic beverage. Steele slurred his speech and mumbled as he spoke to the officer, he was unsteady on his feet, and his eyes were bloodshot and glassy. He admitted to having consumed alcohol earlier that day. Steele exhibited six out of a possible six clues of impairment on the horizontal gaze nystagmus field sobriety test. He declined to perform any other field sobriety tests, citing a leg injury, and he did not consent to a state-administered breath test. The officer, based upon his training, experience and observations of Steele, believed that Steele was under the influence of alcohol to the extent that it was less safe for him to drive.

---

[1] OCGA § 40-6-391 (a) (1).

The state introduced similar transaction evidence through a law enforcement officer, who testified that in August 2007 he observed Steele asleep behind the wheel of a vehicle in a parking lot at approximately 2:30 in the morning. When the officer turned on his patrol car's blue lights and approached Steele's vehicle on foot, Steele roused and quickly pulled off onto the adjacent road. The officer pursued Steele, and he observed Steele weaving on the road and failing to maintain his lane. Steele stopped at his residence, where he staggered as he got out of his vehicle. The officer observed that Steele "couldn't walk straight," that he emitted a strong odor of an alcoholic beverage, that his speech was slurred, and that his eyes were glassy. Steele admitted to having consumed alcohol. He refused to perform any field sobriety tests or to consent to a state-administered test. The officer, based on his observations, believed that Steele was under the influence of alcohol to the extent it was less safe for him to drive. Steele subsequently pleaded guilty to DUI.

1. Steele contends that the trial court erred in allowing evidence of the prior DUI conviction, because it did not properly consider or analyze whether the state made the required showing for such evidence pursuant to *Williams v. State*.[2] We disagree.

The Supreme Court of Georgia held in *Williams* that, before similar transaction evidence may be admitted, the court must hold a hearing pursuant to Uniform Superior Court Rule 31.3 (B).[3]

> At that hearing, the state must make three affirmative showings as to each independent offense or act it seeks to introduce. The first of these affirmative showings is that the state seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of admissibility. The second affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The third is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.[4]

After this hearing, the trial court must determine whether "each of these three showings has been satisfactorily made by the state"

---

[2] 261 Ga. 640 (409 SE2d 649) (1991).

[3] Id. at 642 (2) (b).

[4] Id. (citation and footnote omitted).

before allowing introduction of the similar transaction evidence.[5] We review this determination for abuse of discretion.[6]

Prior to trial, the court held a hearing at which the prosecutor stated the nature of the similar transaction evidence and asked that it be admitted to show, among other things, Steele's bent of mind and course of conduct.[7] The court ruled that the state had made a sufficient showing that the similar transaction evidence should be admitted for these purposes.

The state's showing authorized this ruling under *Williams*. Steele does not contest that he committed the earlier DUI offense. And we have held that bent of mind and course of conduct are proper purposes for the admission of similar transaction evidence in cases involving allegations of less safe DUI.[8] Moreover, the record shows sufficient similarity or connection between the prior DUI conviction and the DUI offense for which Steele was charged in this case.[9] Contrary to Steele's assertion that the similar transaction evidence had no specific relevance to the charge against him, we have held that a prior act of driving under the influence is relevant to prove the defendant's bent of mind or course of conduct in a subsequently-charged DUI offense.[10] Likewise, there is no requirement that the trial court make an express determination that the probative value of the similar transaction evidence outweighed its prejudicial impact,[11] as Steele suggests when he argues that the court failed to consider this issue. Accordingly, we find no abuse of discretion in the court's determination that the state had made the necessary showing to admit evidence of Steele's prior DUI conviction in this case.[12]

2. Nevertheless, Steele contends that the admission of the evidence was error because using similar transaction evidence to show bent of mind or course of conduct in a less safe DUI case, where

---

[5] Id.

[6] *Willis v. State*, 287 Ga. 703, 705 (3) (699 SE2d 1) (2010). We find no merit in Steele's contention that we should review this determination de novo.

[7] See *Lester v. State*, 278 Ga. App. 247, 250 (2) (628 SE2d 674) (2006) (state may satisfy requirements of Uniform Superior Court Rule 31.3 by stating at hearing the nature of evidence to be given regarding similar transaction).

[8] See *Evans v. State*, 287 Ga. App. 74, 76 (2) (651 SE2d 363) (2007); *Gamble v. State*, 283 Ga. App. 326, 327 (2) (641 SE2d 556) (2007).

[9] See *Duprel v. State*, 301 Ga. App. 469, 472 (1) (687 SE2d 863) (2009) (finding sufficient similarity between prior DUI offense and pending DUI charge to show defendant's bent of mind or course of conduct, even though prior offense involved defendant driving a truck on a public road and charged offense involved defendant driving a motorcycle in a parking lot); *Evans*, supra (evidence of prior DUI offense was logically connected with pending DUI charge as it was relevant to establish defendant had bent of mind to get behind the wheel of a vehicle when it was less safe to do so).

[10] *Moran v. State*, 257 Ga. App. 236, 237 (1) (570 SE2d 673) (2002).

[11] *Hill v. State*, 298 Ga. App. 677, 680 (2) (680 SE2d 702) (2009).

[12] See *Evans*, supra; *Gamble*, supra.

he asserts such evidence was not needed to supply a "missing element" in the state's case, was inherently so prejudicial that it violated "both Georgia common law and statutes regarding the admission of character evidence." This argument is similar to that asserted by the defendant in *Wade v. State*.[13] Therein, we held that, notwithstanding any concerns raised by the use of similar transaction evidence to prove bent of mind in DUI cases, this Court is

> not authorized to depart from the precedent of the Supreme Court of Georgia authorizing the bent of mind rationale for admitting similar transaction evidence here. Only the Supreme Court of Georgia or the Georgia General Assembly has the authority to depart from this state's established (and unique) rule on the admissibility of similar transaction evidence.[14]

The reasons set forth in *Wade* regarding the bent of mind rationale are also applicable to Steele's objection to the course of conduct rationale. For those reasons, we are constrained to affirm the trial court's judgment.[15]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 16, 2010 —
RECONSIDERATION DISMISSED NOVEMBER 19, 2010.

*Philip P. Pilgrim, Jr.*, for appellant.
*Leslie C. Abernathy, Solicitor-General, Lynne S. Amos, Amy M. Radley, Assistant Solicitors-General*, for appellee.

---

[13] 295 Ga. App. 45 (670 SE2d 864) (2008).
[14] Id. at 48-49 (citations and footnotes omitted).
[15] See id. at 49.