A11A0133. AYITEYFIO v. THE STATE.

(707 SE2d 186)

MCFADDEN, Judge.

A jury found Robert Ayiteyfio guilty of driving under the influence of alcohol and possessing an open container while operating a vehicle. Ayiteyfio appeals, challenging the sufficiency of the evidence and the admission of several similar transactions at trial. The evidence is sufficient, and there was no error in admitting it. We therefore affirm.

1. On appeal from a criminal conviction, we view the evidence in

the light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence. See *Deering v. State*, 244 Ga. App. 30 (535 SE2d 4) (2000). We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt. Id. at 30-31.

So viewed, the evidence showed that at approximately 7:20 a.m. on April 20, 2009, a Gwinnett County police officer encountered Ayiteyfio on the side of I-85 north of Atlanta. Ayiteyfio was sitting in the driver's seat of a car that had its engine running, but was stopped in a grassy patch located on the other side of the guardrail from the lanes of travel. Ayiteyfio appeared confused and did not initially respond to the officer's request that he exit his vehicle. When Ayiteyfio eventually got out, he had difficulty standing, walking, and maintaining his balance. He tried to speak, but his words were slurred, and he had red, bloodshot, watery eyes. The officer also detected a strong odor of alcohol on his breath.

Ayiteyfio admitted that he had been drinking the night before, and the officer administered several field sobriety tests, during which Ayiteyfio exhibited numerous indicators of impairment. Based on Ayiteyfio's performance on those tests, as well as his demeanor and appearance, the officer concluded that he was under the influence of alcohol. He impounded Ayiteyfio's car, and an inventory search revealed three partially filled bottles of liquor. Ayiteyfio agreed to submit to a chemical breath test on the Intoxilyzer 5000, but began crying when the test began and could not provide a sufficient breath sample.

The State also presented testimony regarding two other DUI incidents involving Ayiteyfio. This evidence showed that on October 8, 2009, just six months after the incident at issue here, an Atlanta police officer stopped Ayiteyfio for speeding on I-20. When the officer approached Ayiteyfio, he detected a moderate odor of alcohol and noticed that Ayiteyfio's eyes were bloodshot and watery. Ayiteyfio tested positive for alcohol on the officer's alco-sensor and admitted that he had been drinking. The officer administered several field sobriety tests to Ayiteyfio, who exhibited evidence of impairment. Although Ayiteyfio agreed to provide a chemical breath sample, he blew insufficient breath into the machine to be tested.

Approximately six weeks later, an off-duty Atlanta police officer saw Ayiteyfio driving the wrong way on I-20 at 3:20 a.m. Before the officer could take action, Ayiteyfio's car collided head-on with another vehicle. The officer spoke with Ayiteyfio following the collision and smelled a strong odor of alcohol about his person. He also noticed that Ayiteyfio was groggy, moving slowly, and appeared intoxicated. Another officer who investigated the incident testified

that Ayiteyfio smelled of alcohol, had red, glassy eyes, was slurring his words, and was very emotional. The second officer concluded, based on his experience and training, that Ayiteyfio was under the influence of alcohol to the extent he was less safe to drive.

(a) Ayiteyfio first challenges his DUI conviction. In Georgia, "[a] person shall not drive or be in actual physical control of any moving vehicle while . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive." OCGA § 40-6-391 (a) (1). According to Ayiteyfio, because his car was parked when the police arrived, the evidence did not demonstrate that he drove the car or drove it under the influence of alcohol. We disagree.

"[I]t is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence." (Punctuation omitted.) *Deering*, supra at 31 (1). The circumstantial evidence here was sufficient. Given Ayiteyfio's appearance and demeanor at the scene, his performance on the field sobriety tests, and the strong odor of alcohol on his breath, the jury was authorized to find that he was both intoxicated and impaired. Furthermore, the police discovered Ayiteyfio awake, but confused, in the driver's seat of a running car stopped on the wrong side of a highway guardrail. From this evidence, the jury could reasonably conclude that Ayiteyfio drove his vehicle while under the influence of alcohol to the extent he was less safe to drive, ending up off the roadway in a disoriented state. See *Jarriel v. State*, 255 Ga. App. 305, 307 (2) (565 SE2d 521) (2002); *Deering*, supra at 31-32 (1); *Johnson v. State*, 194 Ga. App. 501 (1) (391 SE2d 132) (1990).

On appeal, Ayiteyfio suggests that the evidence could support other scenarios, such as that he drove to the highway location sober, then consumed alcohol while sitting in his car. To sustain a conviction, however, the circumstantial evidence "need not exclude every inference or hypothesis except the guilt of the accused, but only reasonable inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt." (Punctuation and emphasis omitted.) *Deering*, supra at 31-32. The jury evidently found Ayiteyfio's alternative hypotheses implausible, and the evidence supports that finding. See *Jarriel*, supra; *Jenkins v. State*, 223 Ga. App. 446, 447 (1) (478 SE2d 143) (1996).

(b) Ayiteyfio also argues that the State did not prove the open container allegation. Pursuant to OCGA § 40-6-253 (b) (1) (B), a person shall not "[p]ossess any open alcoholic beverage container in the passenger area of any motor vehicle which is on the roadway or shoulder of any public highway." The term "open alcoholic beverage container" includes a bottle that contains alcohol and is open, has a broken seal, or has had a portion of its contents removed. OCGA § 40-6-253 (a) (2).

Challenging his conviction under this provision, Ayiteyfio argues that the State failed to demonstrate that the bottles found in his car actually contained alcohol. The arresting officer, however, testified that police located two partially filled bottles of vodka and one partially filled bottle of tequila in the vehicle. Photographs of the bottles showed them to be labeled vodka and tequila bottles. Given the officer's testimony, as well as the photographic evidence, the jury was authorized to conclude that the partially-filled bottles held alcohol. See *Yates v. State*, 263 Ga. App. 29, 30 (1) (587 SE2d 180) (2003).

2. Finally, Ayiteyfio argues that the trial court erred in admitting the similar transaction evidence at trial. He contends that the other incidents were admitted for an improper purpose and were not sufficiently similar to the offense on trial. We find no error.

The trial court instructed the jury that it could consider the similar transaction evidence "for the limited purpose of showing, if it does, [Ayiteyfio's] bent of mind, scheme, and course of conduct." These are appropriate purposes for the admission of similar transaction evidence. See *Steele v. State*, 306 Ga. App. 870, 871 (1) (703 SE2d 5) (2010); *Bryant v. State*, 304 Ga. App. 755, 758 (3) (697 SE2d 860) (2010).

Moreover, the facts of the other incidents are sufficiently similar to the incident at issue here. As explained by our Supreme Court, other crimes evidence is admissible where there is "sufficient connection or similarity between the independent offenses or acts and the crime charged so proof of the former tends to prove the latter." (Punctuation omitted.) *Whitehead v. State*, 287 Ga. 242, 249 (3) (695 SE2d 255) (2010). And in the DUI context,

> [e]vidence of a prior DUI offense, regardless of the circum-stances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the defendant has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so.

(Punctuation omitted.) *Caraway v. State*, 286 Ga. App. 592, 596 (4) (649 SE2d 758) (2007).

The State offered evidence that within seven months of the incident on trial, Ayiteyfio drove his vehicle twice while under the influence of alcohol to the extent it was less safe for him to drive. Such evidence was relevant to Ayiteyfio's bent of mind and course of conduct with respect to driving while intoxicated. It does not matter that the two incidents occurred after his April 20, 2009 arrest; they were sufficiently connected to the charged crime. See *Whitehead*,

supra (same "test applies whether the similar transaction occurred before or, as here, after the charged crimes"); *Caraway*, supra (admitting evidence that defendant drove while under the influence shortly before trial on a pending DUI charge). The trial court, therefore, properly exercised its discretion in admitting the evidence. See *Whitehead*, supra (admission of similar transaction evidence will be upheld absent abuse of discretion).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MARCH 8, 2011.

*Tony L. Axam*, for appellant.
*Rosanna M. Szabo*, Solicitor-General, *Erica K. Dove*, Assistant *Solicitor-General*, for appellee.