## A11A2172. SHELLEY v. THE STATE.
### (721 SE2d 113)

McFadden, Judge.

After a bench trial, Ronald Shelley was convicted of driving under the influence of alcohol. He appeals, arguing that the trial court erred in denying his motion to suppress because there is no evidence that the police roadblock at which he was stopped had been established by an authorized supervisor for a legitimate primary

purpose. The argument is without merit because there is sufficient evidence from which the trial court was authorized to find that a supervisory officer made the decision to implement the roadblock for the legitimate purpose of checking driver sobriety. Accordingly, we affirm.

As to the trial court's application of the law to undisputed facts, our review is de novo. *St. Fleur v. State*, 296 Ga. App. 849, 850 (676 SE2d 243) (2009). But as to the facts,

> the trial court sits as the trier of fact, and the court's findings are analogous to a jury verdict and will not be disturbed when the record contains any evidence to support those findings. When reviewing a trial court's ruling on a motion to suppress, the evidence must be construed most favorably toward the court's findings unless those findings are clearly erroneous. Further, in reviewing the denial of a motion to suppress, we consider all the evidence of record, including evidence introduced at trial.

(Citation and punctuation omitted.) *Park v. State*, 308 Ga. App. 648, 651 (1) (708 SE2d 614) (2011).

Construed in favor of the trial court's findings, the testimony introduced at the motion to suppress hearing and the stipulated facts introduced at the bench trial show that near midnight on March 27, 2010, the Douglas County Sheriff's Office conducted a roadblock at Douglas Boulevard and Bright Star Road in Douglas County. The roadblock was approved by Chief Deputy Stan Copeland, who is second in command to the sheriff and whose duties include authorizing such checkpoints. Chief Deputy Copeland approved the roadblock for the primary purpose of checking driver sobriety, and appointed Sergeant Brett Dever to act as the checkpoint supervisor. Sergeant Dever was on the scene supervising the roadblock when Shelley was stopped by Deputy Edward Englett, who smelled alcohol on Shelley's breath and noticed that his eyes were bloodshot and his speech was slurred. Shelley admitted that he had drunk about six beers, failed a field sobriety test and consented to a breath test, which showed that his blood-alcohol level was above the legal limit.

> Five factors must be considered in determining if a roadblock is lawful: (1) the decision to implement the roadblock was made by supervisory personnel for a proper primary purpose; (2) all vehicles are stopped as opposed to random vehicle stops; (3) the delay to motorists is minimal; (4) the roadblock is well identified as a police checkpoint; and (5) the screening officer's training and experience are

sufficient to qualify him to initially determine which motorists should be given field sobriety tests.

(Citation and punctuation omitted.) *Gamble v. State*, 283 Ga. App. 326, 327 (3) (641 SE2d 556) (2007).

Shelley concedes the last four factors have been satisfied, and contends only that the first requirement has not been met. "The purpose of this [first] requirement is to prevent roving patrols in which field officers exercise unfettered discretion to stop drivers in contravention of constitutional protections against unreasonable seizures. [Cits.]" (Punctuation omitted.) *Rappley v. State*, 306 Ga. App. 531, 533 (a) (702 SE2d 763) (2010). Contrary to Shelley's claim, there is ample evidence that the roadblock in this case was not implemented by a roving patrol of field officers exercising unfettered discretion. Rather, as recounted above, the motion hearing testimony of Chief Deputy Copeland and Deputy Englett, coupled with the stipulated facts introduced at the bench trial, plainly show that Chief Deputy Copeland is a supervisor in the sheriff's office, that his duties include authorizing roadblocks, and that he made the decision to implement the roadblock for the primary purpose of checking driver sobriety. "Based upon this testimony, the trial court was authorized to find that the roadblock had been authorized by [a] supervisory officer[ ] at the programmatic level. [Cits.]" Id. at 534 (a). Likewise, checking for driver sobriety "has long been considered a valid purpose for a traffic roadblock." (Citations and punctuation omitted.) Id. at 535 (b). See also *Britt v. State*, 294 Ga. App. 142, 143 (1) (a) (i) (668 SE2d 461) (2008). Accordingly, the trial court did not err in denying the motion to suppress.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 14, 2011 —
RECONSIDERATION DENIED DECEMBER 2, 2011 — 

*Allen M. Trapp, Jr.*, for appellant.
*Brian K. Fortner, Solicitor-General, Sherrill N. Britt, Assistant Solicitor-General*, for appellee.