**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 4, 2014**

# In the Court of Appeals of Georgia

A14A0221. CARDER v. THE STATE.

McMILLIAN, Judge.

Tammy Faye Carder was convicted by a jury of one count of homicide by vehicle and two counts of serious injury by vehicle. She appeals following the denial of her motion for new trial, arguing that her prosecution for these offenses was time-barred, that the trial court erred by admitting evidence of similar transactions and by failing to charge on accident and proximate cause, and that the trial was a nullity because a nolle prosequi had been entered prior to the commencement of the trial. Having considered these claims of error, we now affirm.

On August 4, 2008, more than three years after the accident in this case, Carder was charged with: (1) homicide by vehicle "through a violation of OCGA [§] 40-6-391 (a) (1), Driving Under the Influence of Alcohol;" (2) homicide by vehicle

"through a violation of (OCGA § 40-6-390), Reckless Driving;" (3) vehicular homicide in the second degree based on the underlying offense of failure to maintain lane; (3) serious injury by vehicle "through a violation of OCGA [§] 40-3-391, Driving Under the Influence of Alcohol;" (5) serious injury by vehicle through a violation of "through a violation of OCGA [§] 40-6-390, Reckless Driving;" (6) Driving Under the Influence (less safe); and (7) failure to maintain lane. Carder filed a motion to suppress certain evidence, and in *State v. Carder*, 301 Ga. App. 901 (689 SE2d 347) (2009), we affirmed the trial court's ruling suppressing Carder's statements to an arresting officer, affirmed the trial court's ruling refusing to suppress statements Carder made to hospital personnel, and reversed the trial court's suppression of evidence that Carder refused to take a State-administered blood test. Id. at 902. The remittitur was issued to the trial court on July 23, 2010, and the case was then placed on several trial calendars before Carder filed a plea in bar asserting a violation of her constitutional right to a speedy trial. The trial court denied Carder's plea in bar, and this Court affirmed that ruling in *Carder v. State*, 312 Ga. App. 61 (717 SE2d 661) (2011).

Upon return to the trial court, and just before the trial commenced, the State nolle prossed the misdemeanor charges–homicide by vehicle in the second degree,

2

driving under the influence (less safe), and failure to maintain lane–because the applicable two-year statute of limitations had run prior to the time those offenses were indicted. See OCGA § 17-3-1 (e). The case proceeded to trial, during which the trial court granted a motion for directed verdict on the charge of vehicular homicide based on reckless driving because no evidence was presented at trial that Carder was "setting up a phone and changing the stereo" as alleged in the indictment. The jury convicted Carder of the remaining charges, and she filed a motion for new trial, which she then amended numerous times. Carder now appeals the denial of that motion.

Briefly summarized,[1] and construed to support the verdict, the evidence shows that the accident giving rise to the charges against Carder occurred in the afternoon on Saturday, June 18, 2005 when Carder, who was driving a Land Rover on Highway 369 in Forsyth County, crossed the center line into the oncoming lane of traffic. One of the two vehicles traveling in her direction was able to swerve into a ditch and avoid a collision, but the Land Rover hit the driver's side of the other vehicle, killing one of the occupants almost instantly and causing injury to the other occupants.

---

[1]Carder does not challenge the sufficiency of the evidence, and we set forth only the facts here necessary to place her arguments in context.

An officer testified that he detected an order of alcohol when he spoke to Carder at the scene and that she told him at that time that she had consumed wine at lunch. This same officer also spoke with Carder at the hospital, where he again detected "a lingering odor of alcohol about her person," *Carder*, 301 Ga. App. at 905 (2). The officer also observed that her face was flushed, her eyes were glossy, and her speech was slurred. Id. Based on these and other signs of impairment, the officer placed Carder under arrest for DUI (less safe), advised Carder of her implied consent rights, and requested that she submit to a blood test. Id. at 904-905 (2). Carder refused the State's request to test her blood, and although the trial court initially ruled evidence of Carder's refusal inadmissible at trial, we reversed that ruling on appeal. Id. at 906 (2). Other facts will be set forth as necessary to address Carder's specific contentions on appeal.

1. Carder first contends that her prosecution for vehicular homicide and serious injury by vehicle was time-barred because the statute of limitations had run on the misdemeanor predicate offenses underlying those charges.[2] But this Court has

---

[2] Carder indicated to the trial court that she intended to request that the jury be charged that the prosecution had to be commenced within two years, which is the limitation period applicable to the predicate offenses. However, it does not appear that Carder in fact requested this or any other charge on the State's burden to prove that her prosecution was timely.

4

previously decided this issue adversely to Carder, *Leachman v. State*, 286 Ga. App. 708 (649 SE2d 886) (2007), and we decline Carder's request to overrule that case since that decision seems to be well-founded. See also *State v. Jones*, 274 Ga. 287 (553 SE2d 612) (2001) ("expiration of the limitations period for the underlying felony does not preclude a prosecution for felony murder.") Id. at 288 (1). Further, although Carder also argues that her conviction must be reversed because the State failed to prove that she was prosecuted within the applicable limitations period, this argument also appears to be premised on her contention that the State was required to prove that it commenced the prosecution against her within the limitations period applicable to the predicate misdemeanor charges. As the trial court noted, that contention is clearly contrary to the holding in *Leachman* and, accordingly, is likewise unavailing. Based on the foregoing, this enumeration presents no basis for reversal.

2. Carder next contends that the trial court erred by admitting evidence of a similar transaction[3] to show bent of mind and course of conduct. Further, she contends that the trial court erred by failing to give her Request to Charge No. 14 to

---

[3] Carder suggests on appeal that multiple similar transactions were admitted at trial. Although the State requested that it be allowed to submit evidence of two separate similar transactions and the trial court deemed both transactions admissible, the State admitted evidence of only one such transaction at trial.

the effect that such bent of mind and course of conduct are not essential elements of proving the offense of driving under the influence.

The similar act evidence showed that in 2010, Carder was arrested for driving under the influence after police were alerted to the fact that she had refused the offer of a taxicab and left a hair salon after apparently having consumed alcohol in the middle of the day to the point that she appeared intoxicated to the salon workers. As in the present case, the arresting officer smelled alcohol on Carder's person and observed manifestations that she was intoxicated. Further, as in the present case, Carder refused to submit to the State's requested test, which in that case was a breath test.

As Carder acknowledges on appeal, the Supreme Court of Georgia has held that similar transaction evidence may be properly admitted to show bent of mind or course of conduct in DUI cases. *Noble v. State*, 275 Ga. 635 (570 SE2d 296) (2002).[4] E.g., *Ayitefio v. State*, 308 Ga. App. 286, 290 (2) (707 SE2d 186) (2011); *Steele v.*

---

[4] Although *Noble* dealt with prior crimes or acts, our Supreme Court has explicitly acknowledged that the test for admission of similar transaction evidence is the same whether the independent offense occurred before or after the crimes charged. *Whitehead v. State*, 287 Ga. 242, 249 (3) (695 SE2d 255) (2010). See also *Ayiteyfio v. State*, 308 Ga. App. 286, 289 (2) (707 SE2d 186) (2011) ( "[i]t does not matter that the two incidents occurred after" defendant's arrest for the charged crimes).

*State*, 306 Ga. App. 870, 872 (1) (703 SE2d 5) (2010); *Gamble v. State*, 283 Ga. App. 326, 327 (2) (641 SE2d 556) (2007); *Moody v. State*, 273 Ga. App. 670, 671 (2) (615 SE2d 803) (2005). She argues, however, *Noble* is wrongly decided and should be overruled, "particularly in light" of the new Evidence Code. See OCGA § 24-4-417 (b) and OCGA § 24-4-404 (b); see also *Johnson v. State*, 292 Ga. 22, 25 (2), n. 3 (733 SE2d 736 (2012) (noting that "'course of conduct' and 'bent of mind' are not among the purposes for introducing similar transaction evidence under the new Georgia Evidence Code."). But Carder was tried before the January 2013 effective date of the new Evidence Code. Moreover, for cases tried before that date, we are "not authorized to depart from the precedent of the Supreme Court of Georgia authorizing the bent of mind rationale for admitting similar transaction evidence [in cases of this type]." *Steele*, 306 Ga. App. at 873 (2).

Lastly, we find no error due to the trial court's failure to give her requested charge on bent of mind and course of conduct. The transcript shows that the trial court charged the jury on the proper use of similar transaction evidence when the evidence was admitted and again during its final instructions to the jurors, and Carder has not shown, and indeed puts forth no specific reason, why we should grant her a new trial due to the trial court's failure to give this additional charge.

7

3. In her third and fourth enumerations of error, Carder argues that the trial court erred by refusing to give her charge on accident and proximate cause, pointing out that the indictment alleged that the felonies as charged had to be caused by the underlying offenses. First, as the State points out, the charge on accident was not adjusted to the uncontroverted evidence that Carder caused the collision by crossing the center line, and there was no evidence that Carder committed this act involuntarily. Cf. *State v. Ogilvie*, 292 Ga. 6, 9 (2) (b) (734 SE2d 50) (2012) ("Accordingly, a jury charge on the defense of accident to a strict liability traffic offense is available only where there is evidence, however slight, that the defendant did not voluntarily commit the prohibited act."). Further, the trial court did in fact charge the jury on the necessary causal connection between the underlying predicate offenses and the charged felonies.[3] This enumeration is thus also without merit.

4. Lastly, Carder argues that the "trial was a nullity" because the trial court dismissed the entire case when it consented to the State's request to nolle prosse the charges that had been indicted outside the limitations period. However, the State's

---

[3] The trial court charged that homicide by vehicle occurs when the accused "causes the death of another person" by driving under the influence and that the offense of serious injury by vehicle occurs "through a violation" of reckless driving or driving under the influence.

petition for entry of Nolle Prosequi, which appeared on the same page as the trial court's consent to the Nolle Prosequi, clearly referred to the specific counts on which the limitations period had run. Thus, even if the trial court's "consent" did not contain such a reference, it was clear that the nolle prosequi pertained just to those offenses. Accordingly, we reject Carder's claim that her trial was a "nullity" because the entire case had been dismissed.

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur.*